By the Court. Hoffman, J.
The complaint is simply upon a promissory note, dated the 13th of March, 1851, at sixty days, given by the defendant to the firm of Wood & Hughes, for $109.50, and alleged to be owned and held by the plaintiffs. They demand judgment for the amount, with interest from the 15th of May, 1851, and costs of the action.
The defence is, that, in the month of July, 1850, the defendant became insolvent, and effected a compromise with his creditors, *489 including said Wood & Hughes, by their receiving twenty-five per cent upon their claims, in full discharge thereof. Such amount was adjusted by a note of the defendant, endorsed by Beruheimer & Swartzs, which was paid at maturity; that the said Wood & Hughes refused to accept such accord, and satisfaction, and to execute such compromise agreement, until the defendant promised to pay the remaining seventy-five per cent of their claim. That to induce Wood & Hughes to sign, with the other creditors, such promise was made. The compromise note for the twenty-five per cent was given, and afterwards paid, and that such promise was made secretly, and without the knowledge of the other creditors who signed the compromise instrument. That in March, 1851, he bought of the plaintiffs a bill of goods, amounting to §94, on a credit of ninety days. That Wood & Hughes then insisted on payment of the old balance, and accordingly he made his two promissory notes for §109.50 each, the one for said purchase of §94, and $15, part of the old balance and interest thereon, payable at ninety days from said March 13th, 1851; and the other for the remainder of the old balance and interest thereon, and for no other consideration, payable at sixty days, both to the order of said Wood & Hughes, and delivered both of such notes to them.
It is proven that the note of ninety days, due in June, was sued upon in August, 1851; that judgment was recovered upon it for want of an answer, and the amount was subsequently paid by the defendant. The note now in question, at sixty days, was not sued upon until January, 1855. •
The record of the judgment in the Supreme Court, in favor of the plaintiffs Hughes & Wood, was read in evidence.
The complaint is in the usual form upon a promissory note, dated the 13th of March, 1851, for §109.50 payable in ninety days, with the averment of ownership and indebtedness, and demand for judgment.
Upon the usual affidavit of personal service of the summons and complaint, and no answer being received, a judgment was entered, and filed, the 4th of September, 1851.
The composition deed was signed by twenty-five different creditors, in various amounts, and states the acceptance of twenty-five per cent, payable in defendant’s note, at three months, with a good endorser, in full satisfaction and discharge of all claims.
*490 It was proven that when the composition deed was tendered to Wood & Hughes, for their signature, both being present, they refused to sign it, -unless the defendant would agree to pay the balancé. The defendant then agreed to pay it, and one of the firm signed the instrument.
The jury, upon the question being submitted to them, have found, that the plaintiffs, at the time of signing the compromise agreement, exacted the promise to pay as a condition of signing the same.
In relation to the manner of making up of the two notes, each for $109.50, the one at sixty and the other at ninety days, and the consideration which entered into them, the evidence is this:— The extracts from the plaintiff’s books, produced by the defendant, show that the original debt (upon a note) was $164.20. These entries may be thus presented:—
1851.
March 13th. Balance of note July 16th, 1850, after deducting 25 per cent compromise, ......... $123 07
“ “ Interest to date,...... 8 03
-- $131 10
* “ Bill of goods of October, 150, . . 21 54
“ “ Do. of March, 1851,..... 66 36
- 87 90
$219 00
“ “ By notes at 60 days,.....$109 50
“ “ “ “ 90 “ ..... 109 50
- $219 00
131 10—109 50=$21 60 -
A witness in the employ of the defendant, in March, 1851, identifies the bill of parcels of the silver cups, and recollects the purchase, and when the two notes were given. He states that the ninety-day note was given for silver cups in the bill; the sixty-day note was given for the old balance.
After the testimony was closed, the defendant renewed a motion to dismiss the complaint, which was refused. The Judge then remarked, that there was but a single question disputed, and, upon *491 that being answered, the case would be better disposed of, as matter of law, at the General Term.
He, therefore, submitted to the jury the question whether the plaintiffs, at the time of signing the compromise agreement, exacted the promise to pay as a condition of signing the same ? The jury were directed to say “Yes” or “No,” and answered “Yes.” The Judge, thereupon, directed a verdict for the plaintiffs, for $140.64 to be entered, subject to the opinion of the court at General Term, upon a case to be made; the cause to be heard there in the first instance, and judgment suspended; to which direction the counsel for the defendant excepted, and requested the Judge to direct a verdict for the defendant, which was refused, and the refusal excepted to. Whereupon the case was made, with liberty to turn the same into a special verdict or bill of exceptions.
I. The first question is, as to the effect of the judgment in the Supreme Court by default, upon the note at ninety days. It is insisted that as the defendant could have defeated a recovery upon that note, upon the same grounds as that on which he defends the present action, he is precluded from now setting it up.
A rule which bears upon this question is found in the cases of Birlchead v. Brown, in this court, (5 Sandf. S. Ct. Rep. 145; Davis v. Talcott, 14 Barbour S. Ct. Rep. 619; Campbell v. Butts, 3 Comstock, 173; and Doty v. Brown, 4 Comstock, 71.) In the former Mr. Justice Duer, after examining the authorities, says:—
“ As between parties and privies the rule is, that a judgment is conclusive as to every question upon which the right of the plaintiff to recover, or the validity of a defence in another suit, is found to depend, and upon the determination of which, it appears from the record, or is shown by extrinsic proof, that the judgment was, in reality, founded.”
In Davis v. Talcott, Justice Taggart states several leading cases, and remarks:—
“ In the present case the record only shows, that the same matters in controversy might have been litigated. Neither the defendants answer, nor the record of the former action, shows that the same matters were litigated. The most they show is, that they might have been. If so, the burthen lay upon the defendants to show the contrary. This they failed to do; it was, therefore, unnecessaiy for the plaintiffs to prove what they have proved, *492 .viz.: that the matters in controversy were not litigated, but were withdrawn from the consideration of the referee, and did not pass into judgment.”
There is a class of cases in which, as the declaration embraced the cause of action subsequently sought to be enforced, an omission to claim upon it has been held an answer to a subsequent suit. Yet to this rule there are several exceptions and qualifications. Thus a plaintiff declared upon a promissory note and goods sold; but upon executing the writ of inquiry, being unprepared with evidence, he took damages upon the note only. A second suit for the goods was sustained, (Leddon v. Tutop, 6 T. R. 608; Phillips v. Berwick, 16 John. Rep. 136,) was similar in principle, adopting the rule, that a former recovery, 'apparently for the same cause, is only prima facie evidence that the demand had been tried, but is not conclusive. The work and labor before recovered for was not the same, nor did it grow out of the same contract. -The claim was not indivisible, as in Smith v. Jones, (15 John. Rep. 229.)
The subject was carefully examined in Bendernagle v. Cocks, (19 Wend. 207.) The point decided was, that where an action of covenant was brought, assigning breaches of some of the covenants, a subsequent action could not be supported upon the same instrument, for breaches of other covenants therein. A distinction was allowed where there were breaches of other several covenants in the same contract, and one suit has been brought before the subsequent breaches were committed. Dealings between the parties in an account current, make up but one indivisible cause of action, and the items may not be separated, and several suits brought upon one set. Separate demands, growing out of one general contract, must be combined in one suit. See also the important case of Bowden v. Hoare, (7 Bingham, 716,) distinguishing between the effect of a nolle proseguí and a retraxit, as to several causes of action (a note and goods sold,) in the same suit upon a subsequent suit.
(Carter v. James, 13 Meeson & Welsby, 137, Exchequer.) Action on covenant for £600. Plea, that in 1841, the defendant was impleaded by plaintiff in the Queen’s Bench, for the same covenant; that defendant there plead usury. Replication denying the bond was given in pursuance of the usurious contract *493 alleged. Issue upon this replication, and verdict for defendant; settling, therefore, that the bond was given in pursuance of the usurious agreement stated in the plea.
The fact whether the agreement was in truth usurious was not decided by that judgment. The plaintiff in the present suit was therefore at liberty to contest that point. The admission in the replication was only that for the purpose of the pleading in that suit, that there was usury in the agreement stated in the pleas.
We do not find a case which makes a former suit a bar, where it has been expressly limited to one or two distinct contracts, like promissory notes, although such notes have arisen from the same transaction, and where the claim upon the note subsequently sued upon, was not the subject of litigation.
When the record of that action is examined, nothing appears but a promissory note stated as the cause of action, and no actual litigation of any point whatever.
It is true, that to an action upon a judgment, no plea will be allowed of any matter, although new, which could have been plead in the original suit. (Bank of Australia v. Nias, 4 Eng. L. & Eq. R. 252.) But that applies, where the defence would have defeated that action in that identical cause, and the judgment has concluded the parties entirely as to such cause. The present distinct contract, or cause of action, was never in suit before. ‘
II. The next question relates to the alleged illegality in the note sued upon.
We think that it must be regarded as established on this record, that the consideration of this note was exclusively a part of the amount of the old debt exacted and agreed to be paid, upon signing the compromise agreement. A part of such consideration, viz.: about $21.60 was comprised in the note at ninety days, the subject of the former action. The whole of this note was for such consideration.
It is needless to refer to any other cases than that of Break v. Cole, (Sandf. S. C. Rep. 80,) and those cited therein.
The rule is fully established, that every composition deed is, in truth, an agreement between the creditors themselves, as well as between them and the debtor. An additional security or agree *494 ment for debt given secretly to a particular creditor is illegal and void; and whether it be given by the debtor himself, or by another on his behalf.
Judgment for the defendant upon the verdict, with costs.