Hoffmaft, J.
I do not think that there is anything in the composition agreement to warrant the position of the plaintiffs’ counsel, that the agreement was to be inoperative unless all the creditors signed it. Such a condition ought to be expressly declared, or clearly deducible from unambiguous language. Compositions could rarely be carried into effect if such stipulation is, in every case, or in every doubtful case to be implied, when the contrary is not declared.
The phrase is neither all the creditors, nor even the creditors, but merely “ creditors.” The clause, “ all claims to be put on the ■same basis,” is as applicable to the claims of all who shall sign, .as to the claims of all who may be creditors.
Late English authorities have fully settled that a composition agreement, made between a debtor and a portion of his creditors, is ■valid and binding. The consideration of the relinquishment of a part of their claim by the others, is sufficient to make the promise and discharge of each obligatory. (Norman v. Thompson, 4 Exch. R., 755 [1850]; Good v. Cheeseman, 2 Barn. & Adol., 328 [1831]; Boyd v. Hind, 40 Eng. L. and Eq. R., 428 [1857].)
Williams, J., in delivering the opinion of the Court in Boyd v. Hind, says: “ The law with respect to defenses founded on ■compositions between a debtor and his creditors, appears not to have been distinctly defined until the case of Good v. Gheeseman. It used to be sometimes laid down that a right of action once vested, could only be divested by a release or by accord and .satisfaction-; but since the decision of that case, the law has been considered as settled, that a composition agreement by several -creditors, although by parol, so as to be incapable of operating as a release, and although unexecuted, so as not to amount in strictness to a satisfaction, would be a good answer to an action ■by the creditor for the original debt, if he accepted the new agreement in satisfaction thereof; and that for such an agreement there is a good consideration to each creditor, namely, the *117 undertaking by the other compromising creditors to give up a part of their claim. But no such agreement can operate as a defense if made merely between the debtor and a single creditor. The other creditors, or some of them,' must also join in the agreement with the debtor and with each other; for otherwise it would be a bare contract to accept a less sum in satisfaction of á greater, which would be invalid, by reason of want of consideration for relinquishing the residue.” (See the correction of the report of Norman v. Thompson, by Willes, J., at p. 429.)
In Norman v. Thompson, Parke, Baron, said “ an agreement by two or more of the creditors to enter into a composition is perfectly good and binding as to those parties, whether the others do so or not. The agreement by each individual to give up part of his claim is a sufficient consideration.”
Although in Boyd v. Hind and Norman v. Thompson, the instrument recited that “ each of the undersigned creditors in consideration of the agreement therein contained on the part of the others,” agreed with the others, and also with the debtor, yet I apprehend such a clause is not essential. I think an agreement between themselves will be legally inferred from an instrument in which several relinquish part of their demands.
In Good v. Cheseman, four creditors, including the plaintiff, signed a paper reciting, that the defendant was indebted to them for goods sold and delivered; that he was unable to make immediate payment of the same, and they agreed to receive payment of the same by his covenanting to pay to a trustee one-third of his annual income, and to execute a warrant of Attorney as collateral security therefor.
And in Boothbey v. Sowden, (3 Camp. 174,) the agreement was with the debtor only.
The cases, also, in which, any agreement to pay a particular creditor something beyond the composition amount has been held void, bear upon this point. The agreement in Breck v. Cole, (4 Sandf. S. C. R., 80,) had no stipulation as between the creditors themselves, and Justice Duer says, “ every composition deed is, in its spirit, if not in its terms, an agreement between the creditors themselves, as well as between them and the debtor.”
There was no such clause in the cases of Knight v. Hunt, (5 *118 Bingham, 432,) Constantine v. Blache, (1 Cox, 287,) or Cullingworth v. Loyd, (2 Beavan, 385,) an important case.
The basis of the doctrine is, the relinquishment to the debtor by the others who sign, of a part of their claims, or the concession of some modification of the right to enforce them; this constitutes the consideration, and as this'exists without any such clause as is referred to the implication of an agreement among themselves is raised, and is equivalent to its expression in the instrument.
Is this rule recognized, disavowed, or modified by any binding decision in our own Courts ?
The general principle that such deeds are agreements between the creditors themselves, as well as between them and the debtor is stated in Breck v. Cole (4 Sandf. S. C. R., 80,) and Hughes v. Alexander (5 Duer, 488-493).
The decision in Fellows, v. Stevens (24 Wend., 294,) was that the creditor might, under the circumstances of the case, withdraw his assent to a composition deed; and then the debtor was there estopped from setting it up.
Acker v. Phœnix (4 Paige, 305,) was ther case of an explicit condition in the instrument, that the signature should be void unless all the creditors assented to the agreement. An attempt was made to prove a change in this condition by parol, and was rejected.
My conclusion is, that the agreement in question was operative and binding upon the plaintiffs.
2d. The variation in the date of the notes from the 1st of February to the 1st of January, seems to me immaterial. It is not expressly stipulated that the notes should bear date the 1st, of February. They are to be at six, nine and twelve months from the 1st of February. The period of maturity is the principal matter provided for, and the notes at seven, ten and thirteen months from the 1st of January matured at the same time as the others would have done.
It is said that the plaintiffs’ claim is only $7,236.56, as demanded in the complaint; while the notes tendered amount to $9,677.-14; and if accepted would have been a fraud upon others. But the debt to the plaintiff is set down at $16,335.67. Sixty oents on the dollar would be $9,801.40. The statement at the *119 bar was, that other notes had been sued upon in another Court. At any rate, there is nothing, upon the case before us, in this point.
The discrepancy between the $9,801.40 (sixty per cent of $16,335.67,) and the amount of the notes tendered, $9,677.14, is readily accounted for. The $16,335.67 was not all of it payable until after February 1st, 1857. By the agreement, there was to be a rebate of interest, so as to determine the amount of the compromise notes by “considering the debts as due” on that day.
3d. It is insisted that the payment to some of the creditors in cash was a fraud, and avoids the composition. The evidence is of various settlements of claims" for cash; two other small ones at sixty cents; many at a rate varying from fifty to sixty cents, less the interest. The amount over sixty cents actually paid does not exceed $250, as far as can be gathered from the evidence. We are satisfied that the inference of fraud from these facts is unwarranted ; but at any rate, such a question ought to have gone to the jury, and the plaintiffs ought to have requested it to be put to them, if they deemed it possible to support the allegation.
4th. Some exceptions were taken to the rulings of the Judge in respect to the evidence. No point connected with them is now made by the plaintiffs’ counsel. We have, however, examined them, and think they are all untenable.
5th. In regard to the exception on account of the refusal of the Judge to submit to the jury whether the defendant Tuller did not intend to make $10,000 by the compromise, and if so, that it was a fraud; no point is now made by the appellants’ counsel. It was slightly adverted to on the argument. We think, that such a point would have been plainly untenable.
The judgment must be affirmed, with costs.
The other Judges who heard the argument concurred in affirming the judgment.
Judgment affirmed.