CATO, The (RYAN v.). See Case No. 12.184.

CATO. The (TAYLOR v.). See Case No. 13,786.

CATON (UNITED STATES v.). See Case No. 14,758.

---

## Case No. 2,525.

### CAUJOLLE et al. v. FERRIE et al.

[5 Blatchf. 225;[1] 2 Abb. Pr. (N. S.) 3.]

Circuit Court, S. D. New York. Nov. 22, 1864.

DISTRIBUTION—PRIOR ADJUDICATION OF STATE COURT.

To a bill filed by the next of kin of a deceased person, against his administrator, for distribution of his estate, the administrator pleaded, in bar of the suit, the adjudication of a surrogate's court, determining that the administrator was the next of kin of the deceased, the adjudication being made on a contest between the administrator and the plaintiff, as to the grant of letters of administration: *Held*, that such adjudication was not conclusive on the question of distribution, and that the plea was bad.

[Overruled in Caujolle v. Curtiss, 13 Wall. (80 U. S.) 465.]

[See note at end of case.]

In equity. The bill in this case was filed by the plaintiffs [Benoit Julien Caujolle and others], who claimed to be the next of kin of Jeanne Du Lux, deceased, against her administrators [John P. Ferrie and Cyrus Curtiss], for distribution of her estate. The defendants pleaded, in bar of the suit, the adjudication of the surrogate's court of the city and county of New York, determining that Ferrie, one of the defendants, was the

next of kin of the deceased. The adjudication was made on a contest between Ferrie and the plaintiffs, as to the grant of letters of administration.

[The estate is large, some $70,000, which is principally invested in bonds and mortgages upon property in this state.][2]

[Previous proceedings had in this case are reported in 4 Bradf. 28, where the decision of the surrogate, referred to below, is stated. That decision was affirmed on appeal in 26 Barb. 177, and again in 23 N. Y. 90.]

NELSON, Circuit Justice. No cases have been referred to, nor am I aware of any in this state, or, indeed, in any of our sister states, adjudging the point in question. Different opinions seem to be entertained, by eminent judges in England, as to the conclusiveness of the decision of the ecclesiastical court, on a question of administration, upon a court of equity, in a suit for distribution, as may be seen from the case of Barrs v. Jackson, decided by Vice Chancellor Knight Bruce, in 1842 (1 Younge & C. Ch. 585), and the same case on appeal (1 Phil. Ch. 582). The opinion of Lord Lyndhurst on the appeal may, perhaps, be regarded as settling the question in England, in favor of the conclusiveness of the adjudication of the ecclesiastical court, though that may be doubted. It is not material, however, to go into this inquiry, for, admitting it to be so, the decision could not be allowed to control the question as presented under our system of administration. We regard the question of next of kin, under our system, as preliminary and incidental, before the surrogate, and simply with a view to ascertain the proper person, as prescribed by the statute, to be admitted to take letters of administration. This is the sole purpose and object of the inquiry; and it is made without any reference to, or consideration of, the question of distribution. The question of the admission to take letters of administration is of much less importance, and an error in the proceedings is much less prejudicial in its consequences, than the question involving the distribution of the estate. If a competent person is appointed, in the former case, to administer upon the assets, though he may not be the right person, the interests of all concerned may be safe. But, in the latter, the right of property in the assets is concluded. Hence, the right to letters of administration is not usually severely contested. It may be added, also, that the surrogate is not concluded by his own adjudication in the matter. He may revoke the appointment, for imposition or fraud, or displace the administrator for cause and appoint another. The plea in this case must, therefore, be overruled, and the defendants have leave to answer.

[NOTE. The defendants answered. There was a reply, and a decision for the defendants

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[2] [From 2 Abb. Pr. (N. S.) 3.]

upon the merits. Case unreported. Complainants appealed to the supreme court. which affirmed the circuit court decree, but held, per Mr. Justice Davis, that the judgment in the suit for administration in New York was pleadable in bar, and that on that ground alone the bill should have been dismissed. Caujolle v. Curtiss, 13 Wall. (80 U. S.) 465.]