JAMES T. BOND AND JOHN W. CLANCY v. KNUTE S. MARKSTRUM.

*Judgment—Res judicata—Evidence—Burden of proof.*

| 102 | 11 |
| 115 | 620 |
| 102 | 11 |
| 122 | 364 |
| 102 | 11 |
| 126 | 564 |
| 102 | 11 |
| 134 | 1 38 |
| 102 | 11 |
| 143 | 1 53 |
| 102 | 11 |
| 155 | 1142 |

1. The record in a former suit between the same parties, which tends to show that any fact involved in the issue in the second suit was litigated and set at rest in the former suit, is competent evidence of that fact, although it may not be conclusive upon all of the questions involved in the second suit.

2. When an action is sought to be maintained or defended by showing a former adjudication of questions upon which it depends, it must appear that such questions were litigated as a matter of fact; that they were submitted to and decided by the court or jury; and that they were not collateral inquiries, but crucial questions in the other controversy.

3. Where the record does not contain the conclusive evidence as to such former adjudication, parol evidence is admissible to ascertain whether a given question was in issue, litigated, submitted, and decided, and possibly, in some cases, whether it was material; and in such event, under our system of pleading, the issue would not ordinarily be limited to the single question of such former adjudication, but the party would be at liberty to support his claim or defense by other evidence, which would be received subject to the effect that should be given to the evidence upon the question of such former adjudication.

4. Where, in a suit upon a guaranty of rent, the defendant seeks to avoid liability by showing his release by the lessor, and the plaintiff introduces in evidence the record in a former suit brought by him against the defendant upon the same guaranty, in which he recovered a judgment for prior installments of rent, and it appears that the pleadings in said former suit were broad enough to cover said proposed defense, the burden of proof is upon the plaintiff to show that said defense was actually made and passed upon in the first suit.

5. The defendant should be allowed to introduce his evidence tending to show his release, and, if the jury find that that question was litigated and passed upon in the former suit, they should disregard such evidence.

Error to Gogebic.   (Haire, J.)   Argued May 1, 1894. Decided September 25, 1894.

Debt.   Defendant brings error.   Reversed.   The facts are stated in the opinion.

*Button & Norris,* for appellant.

*Charles E. Miller,* for plaintiffs.

HOOKER J.   An action was brought against the defendant, as guarantor of payment and performance under a lease, to recover for two months' rent of the premises. An action had previously been brought and recovery had by plaintiffs against the defendant upon this lease and assignment for earlier installments of rent.   The judge admitted the record of the former proceedings, and instructed the jury that such proceedings conclusively established certain facts which entitled plaintiffs to recover the rent sued for, unless the defendant had proved to their satisfaction, by a preponderance of the evidence, that the plaintiffs accepted the property and assumed control after November 14, 1887 (the time of the commencement of the former action), by entering into possession themselves or by another to whom they had rented it.   The defendant alleges error upon the introduction of the former record

and upon the charge, his claim being that such proceedings were not conclusive of the questions raised by him in this case.

As to the introduction of the former record, it is clear that if admissible for any purpose it was not error to admit it. The former action was between the same parties, and, if this record tended to show that any fact involved in this issue was litigated and set at rest in that case, it was proper evidence of such fact, though such record might not be conclusive upon all questions involved in the second case.

A reference to the pleadings in the first case shows that the plaintiffs sued as assignees of Sarah J. Ford of the lease in question; that the defendant was sued as guarantor; and that he was charged in the declaration with notice of the assignment. The plea of the general issue was filed after the case reached the circuit court. Accompanying it was a notice, which alleged a release by Sarah J. Ford of defendant from all liability upon the guaranty to pay rent. The notice alleged further that, about a month after the lease was made, Burton, the lessee, assigned the lease to one Hill, with the consent of Mrs. Ford, who accepted Hill as her lessee, and thereby released defendant from responsibility upon his guaranty. It stated further that on September 1, 1887, Hill having vacated the premises, Mrs. Ford leased to one Gus Markstrum, who occupied until January 1, 1888, paying the rent up to that date, which defendant claimed was equivalent to his release. Upon the issues thus raised, plaintiffs, upon a trial before a jury, recovered a verdict and judgment.

What questions were settled upon this trial between the parties? The record does not show what points were contested by the introduction of evidence, but it is patent that before the plaintiffs could recover they must have shown the execution of this instrument by the parties to

it, and its assignment to them by Mrs. Ford. Both of these were denied by the plea of the general issue. Being facts necessarily established upon a former trial, whether defendant offered evidence tending to disprove them or not, they were admissible. They were controverted by the plea, and it was shown that there was a trial and verdict, which necessarily involved these questions. The estoppel extends to all steps involved in the judgment as necessary steps or the groundwork upon which it must have been founded. It is allowable to reason back from a judgment to the basis upon which it stands, upon the obvious principle that where a conclusion is indisputable, and could have been drawn only from certain premises, the premises are equally indisputable with the conclusion. *Burlen v. Shannon*, 99 Mass. 200, 203; *Duncan v. Bancroft*, 110 Id. 267; *Dorris v. Erwin*, 101 Penn. St. 239; *Hayes v. Shattuck*, 21 Cal. 51; *Perkins v. Walker*, 19 Vt. 144; *Tuska v. O'Brien*, 68 N. Y. 446; *School-District v. Stocker*, 42 N. J. Law, 115. It was therefore proper to receive the record.

The court instructed the jury to render a verdict for the plaintiffs, unless they should find that there had been a surrender of the premises, after November 14, to the plaintiffs. To sustain the judgment it must therefore appear from the record that the evidence introduced established such liability, and, further, that no evidence tending to prove a valid defense was excluded against defendant's exception. The bill of exceptions shows that the plaintiffs produced evidence tending to show that they purchased the premises from Sarah J. Ford; that at the same time she assigned to them her title to the lease in controversy; that K. S. Markstrum had paid them four months' rent from October 1, leaving two months' rent due. The lease and guaranty and the assignment to plaintiffs were introduced. There was also testimony that

notice of this assignment was given to defendant. This, together with the files and records referred to, constituted the plaintiffs' case. At this point the evidence showed *prima facie* (1) that the lease and guaranty were executed; (2) the assignment to the plaintiffs; (3) that two months' rent was due, and unpaid. This evidence, standing alone, was sufficient to justify the instruction given, unless there was testimony given or offered tending to dispute it.

. The lessee named in the writing was one Burton. By way of defense, counsel offered several writings in evidence, executed before November 14, viz.:

*First.* An assignment by Burton to Hill of all of his interest, etc., in said lease, dated June 16.

*Second.* A paper, signed by Sarah J. Ford, of which the following is a copy:

"BESSEMER, MICH., June 20, 1887.

"MR. FRED HILL:

"You are hereby notified that I have this day, for value re-ceived, assigned and transferred to Markstrum, Larsen & Co., $44 out of the rent due July 1, 1887, according to your lease of the Wisconsin House, bearing date June 16, 1887; and in considera-tion of the acceptance of this order by said Markstrum, L. & Co., I hereby release K. S. Markstrum from further responsibility as surety on John Burton's lease.

"SARAH J. FORD."

*Third.* A writing, dated June 26, signed by Sarah J. Ford, reading as follows, viz.:

"BESSEMER, MICH., June 26, 1887.

"For value received, I hereby assign and transfer to Markstrum, Larsen & Co. the rent due me from Fred Hill for the Wisconsin House for month of September, and said Markstrum, Larsen & Co. are given full power of attorney to collect said rent as per the conditions of the lease between me and said Fred Hill.

"SARAH J. FORD."

*Fourth.* An acceptance of the above, reading as follows, viz.: .

"June 20, 1887. Accepted at a total of $119.19; payable, $44.19 on July 1, and $75.00 on August 1, 1887.

"FRED HILL."

These were offered upon the theory that they, or some . of them, released defendant from any liability upon the

guaranty. They were excluded, upon the theory that the former judgment settled the fact that defendant was not released previous to the 14th day of November. Upon the same ground an offer to show by a witness that, at the time of the assignment of the lease from Burton to Hill, Mrs. Ford assented and formally released Burton, was denied.

It is plain that this testimony was admissible, unless the question of release was settled by the other trial, which depends upon the issues tried and decided thereon. A former adjudication of the right of action, where the court had jurisdiction of the subject-matter and of the parties, is unquestionably a bar to an action for the same debt or claim, and is conclusive where the same subject-matter is sought to be again litigated, no matter how, between the same parties. In such case it is no answer to say, "There were questions which were not raised or litigated." It is enough if they might have been raised and litigated. But it is a different matter when an action is sought to be maintained or defeated by showing a former adjudication of questions upon which it depends. In such case it must appear that such questions were litigated as a matter of fact; that they were submitted to and decided by the jury or court; and that they were not collateral inquiries, but were crucial questions in the other controversy. *Bendernagle v. Cocks,* 19 Wend. 207; *Badger v. Titcomb,* 15 Pick. 409; *Secor v. Sturgis,* 16 N. Y. 548; *Perkins v. Hart,* 11 Wheat. 251; *Sterner v. Gower,* 3 Watts & S. 136; *Wolf v. Welton,* 30 Penn. St. 202; *Hughes v. Alexander,* 5 Duer, 488. That an adjudication in favor of a claim will not be conclusive of the minor issues on which the right depends, unless it appears not only that they were submitted to the jury but that they were considered and passed upon by them, is supported by the following authorities: *Davidson v. Shipman,* 6 Ala. 27; *Chamberlain*

*v. Gaillard,* 26 Id. 504; *Tams v. Lewis,* 42 Penn. St. 402; *Packet Co. v. Sickles,* 24 How. 333; *Lawrence v. Hunt,* 10 Wend. 80; *Garrott v. Johnson,* 11 Gill & J. 173; *Cecil v. Cecil,* 19 Md. 72. The question may become one of law if the record contains the conclusive evidence of it, but it may happen that the record is not conclusive. In such cases, according to the great weight of authority, parol evidence is admissible to ascertain whether a given question was in issue, litigated, submitted, and decided, and possibly, in some cases, whether it was material. And in such event, under our system of pleading, the issue would not ordinarily be limited to the single question of former adjudication, but the party would be at liberty to support his claim or defense by other evidence, which would be received subject to the effect of the evidence upon the question of former adjudication. *Sawyer v. Woodbury,* 7 Gray, 499; *Jennison v. West Springfield,* 13 Id. 544; *Burlen v. Shannon,* 14 Id. 433; *Jackson v. Wood,* 3 Wend. 27. There are cases from which it would be inferred that when a party had made defense to an action all possible defenses would be cut off in a subsequent action where the same questions were raised, as in this case, where the defendant seeks to introduce a defense to an action upon a second installment of rent which he did not offer to the action upon a former installment. According to these cases he would be concluded. But this point was distinctly ruled in the case of *Jacobson v. Miller,* 41 Mich. 96, following the case of *Cromwell v. County of Sac,* 94 U. S. 351, 356. The latter case contains an exhaustive discussion of the question. Mr. Justice Field, in delivering the opinion, says:

"On principle, a point not in litigation in one action cannot be received as conclusively settled in any subsequent action upon a different cause because it might have been

determined in the first action. Various considerations other than the actual merits may govern a party in bringing forward grounds of recovery or defense in one action which may not exist in another action upon a different demand, such as the smallness of the amount or the value of the property in controversy, the difficulty of obtaining the necessary evidence, the expense of the litigation, and his own situation at the time. A party acting upon considerations like these ought not to be precluded from contesting, in a subsequent action, other demands arising out of the same transaction. A judgment by default only admits, for the purpose of the action, the legality of the demand or claim in suit; it does not make the allegations of the declaration or complaint evidence in an action upon a different claim. The declaration may contain different statements of the cause of action in different counts. It could hardly be pretended that a judgment by default in such a case would make the several statements evidence in any other proceeding."

He quotes the language of Mr. Justice Willes, as follows:

" It is quite right that a defendant should be estopped from setting up in the same action a defense which he might have pleaded, but has chosen to let the proper time go by. But nobody ever heard of a defendant being precluded from setting up a defense in a second action because he did not avail himself of the opportunity of setting it up in the first action.   *   *   *   I think we should do wrong to favor the introduction of this new device into the law."

Mr. Justice Byles said:

" It is plain that there is no authority for saying that the defendant is precluded from setting up this defense."

Mr. Justice Keating said:

" This is an attempt on the part of the plaintiff to extend the doctrine of estoppel far beyond what any of the authorities warrant."

These cases seem to vindicate the right of a defendant to allow judgment to go by default, or to make such

defense as he may choose.   If he suffer judgment by default, he is not estopped, in a subsequent action for another demand, from making any defense; and in other cases he is estopped only to the extent of the defenses made to the first action.

It appearing that the pleadings in the former suit were broad enough to cover the defenses now sought to be raised, and that no evidence was offered tending to show whether they were litigated and decided or not, we may next inquire, upon whom is the burden of proof?   Must the plaintiffs show that these defenses were actually made and passed upon, or will it be presumed that all questions that could be raised under the pleadings were decided? We think it was not for the defendant to prove the negative.   The plaintiffs relied upon an estoppel, and it was incumbent upon them to show the facts necessary to constitute the estoppel.   Wells, Res. Adj. § 215; *Lawrence v. Hunt*, 10 Wend. 85.   Until they did so, the defense was good; and, if the existence of the estoppel was a question of fact for the jury, the defendant should have been allowed to introduce his evidence tending to show a release.   If the jury found the estoppel, they would disregard the evidence of the release; but, as it could not be known in advance how they might find upon that question, the court should have admitted the testimony.

It follows that the judgment must be reversed, and a new trial ordered.

The other Justices concurred.