134    33'
e144   525
144    526
144    527
144    528
144    529
s144   533
134    33
147   ⁶322

134      33
156     ³132

BURGESS *v.* STRIBLING.

1. FINDINGS OF FACT—APPEAL.
   Where there is testimony tending to support the findings of fact made by the circuit court, they will not be set aside on writ of error.

2. GUARDIAN AND WARD—MARRIED WOMEN.
   In a proceeding for the appointment of a guardian for an incompetent woman, under 3 Comp. Laws, §§ 8711, 8736, it is necessary to determine whether she is married.

3. EVIDENCE—ADMISSION OF RECORD.
   Where objections to the admission of a record in evidence were overruled, and, after the denial of a motion for judgment on the ground that the record showed that the question was *res judicata,* counsel asked the court if he held that the record was not evidence of the fact of marriage, his answer, "No, I think it is a matter to be considered," could not be construed to mean that the admission of the record as evidence was to be considered later.

4. PROBATE COURTS—DECREES AND ORDERS—CONCLUSIVENESS.
   Decrees and orders of the probate court, made in the exercise of a jurisdiction conferred by law, are final and conclusive.

5. JUDGMENTS—RES JUDICATA.
   An adjudication is conclusive in respect to the subject-matter of the litigation, and the point of fact or law necessarily decided in determining the issue.

6. SAME—MARRIAGE—APPOINTMENT OF GUARDIAN AND ADMINISTRATOR.
   A determination by the probate court, upon a petition for the appointment of a guardian for an incompetent woman, that she was married, will be considered *res judicata* upon the hearing of an application by her husband for the appointment of an administrator, where the same parties are before the court.

Error to Chippewa; Shepherd, J., presiding.    Submitted April 9, 1903.    (Docket No. 18.)    Decided July 8, 1903.

Petition by John W. Burgess for the appointment of an

administrator of the estate of Augusta W. Brown-Burgess, deceased. From an order appointing petitioner administrator, Hannah Stribling, Minnie Reidy, and Emilie Metzger bring error. Affirmed.

*Henry F. Metzger* and *Warner & Sullivan*, for appellants.

*Oren, Webster & More*, for appellee.

MONTGOMERY, J. This case brings before us for review an order appointing the petitioner administrator of the estate of Augusta W. Brown-Burgess, deceased. The question of fact upon which the case turned in the court below was the question of whether the petitioner was in fact the husband of decedent, and this turned upon two questions: *First*, as to whether there was a marriage ceremony between the two parties; and, *second*, as to whether, at the time of the alleged ceremony, decedent was competent to contract the relation. The circuit judge found the affirmative of both questions, and the case is brought here for a review of this finding.

The testimony is elaborately argued in the briefs of counsel, with a view to convincing us that the conclusion of the circuit judge upon the evidence was erroneous. It is enough to say of this feature of the case that, as there was testimony tending to support the claim of petitioner, it is not for this court to review the finding of facts, and substitute its judgment upon a question of fact for that of the circuit judge.

There are offered, however, certain objections to the admission of testimony, which are deserving of consideration, unless they are rendered immaterial by a feature of the case which is brought to our attention by a supplemental record, and which is this: In 1899, and in the lifetime of Augusta W. Brown-Burgess, Emilie Metzger, one of the present contestants, filed in the probate court of Chippewa county a petition for the appointment of a guardian for Mrs. Burgess, setting out in the petition the following:

"Your petitioner further represents that one John W. Burgess, a resident of said city and county, claims to be the husband of said Augusta W. Brown, and claims and represents that he was married to her in the State of Wisconsin on or about the 19th day of October, 1898; and your petitioner alleges that, at the time of said alleged marriage, said Augusta W. Brown was mentally incompetent and unable, in fact and in law, to contract marriage, and that, if any marriage ceremony was performed, it was under duress, and by reason thereof, and of the said incompetency, which was well known to said Burgess, said alleged marriage was and is entirely illegal, null, and void. Petitioner further says that said Augusta W. Brown, by reason of her said mental incompetency, is unable to inform your petitioner whether or not she has been married to said John W. Burgess, and so your petitioner is unable to state whether or not the legal name of her sister is Augusta W. Brown or Augusta W. Burgess."

The petition contained the following prayer:

"And, after a full hearing in the premises, that Otto Fowle, of the city of Sault Ste. Marie, in said county, whom your petitioner alleges to be a suitable and competent person, or some other suitable and competent person, may be appointed guardian of the person and estate of said Augusta W. Brown, or, if it shall appear that the said Augusta W. Brown is a legally married woman, then that said Otto Fowle, or some other suitable person, may be appointed guardian of the estate of said Augusta W. Brown, and of her person, except as against the rights of her husband, according to the provisions of the statute in such case made and provided."

On this petition being filed, due notice was given to all parties concerned, and each of the other contestants, viz., Hannah Stribling and Minnie Reidy, entered formal appearance in the proceeding. A hearing was had before Circuit Judge Steere, acting as probate judge, and an order made, which contained the following:

"After a full hearing and examination upon the said petition, it appearing satisfactorily to the court, and the court hereby adjudging, that the said Augusta W. Brown-Burgess is now mentally incompetent to have the charge

and management of her person and property; that she is a married woman; that John W. Burgess is her husband, and that she is a resident of said county; that it is necessary that a guardian should be appointed of the person and estate of said Augusta W. Brown-Burgess, subject to the rights of John W. Burgess, her husband, for the reason that she is mentally incompetent to have the charge and management of her person and estate."

The two sections of the statute under which these proceedings were had are: Section 8711, 3 Comp. Laws, which is as follows:

"Every guardian so appointed as provided in the preceding section shall have the care and custody of the person of his ward, and the management of all his estate, until such guardian shall be legally discharged; and he shall give bond to the judge of probate in like manner, and with the like condition, as is before prescribed with respect to the guardian of a minor."

Supplemented by the provisions of section 8736, 3 Comp. Laws, viz.:

"Whenever any married woman residing in any county of this State, and owning real or personal estate, shall be insane, or mentally incompetent to have the charge of her property, the judge of probate of the same county, when it shall appear to him necessary, may appoint a guardian for such incompetent or insane person, to have the care, custody, and management of her property, and may also, for the same purpose, appoint guardians for such married women, being insane or mentally incompetent as aforesaid, as shall reside without this State and have any estate within the same: *Provided*, that, as against the rights of the husband, such guardian shall not be entitled to have the care and custody of the person of the ward."

It will be seen by these provisions that, on this hearing, it was a material inquiry as to whether the alleged incompetent was a married woman. It is the contention of the petitioner that as this is so, and as all the parties now concerned in this litigation were before the court at the determination of that question, that adjudication is final. Before considering this question, a contention made by

contestants that this record was not in fact received in evidence should be considered.

We notice by the record that, when these proceedings were offered in evidence, objections were stated to their admission by counsel, and the record then proceeded: "Which objection was by the court then and there over-ruled, and to which ruling the counsel for said appellants then and there took exception." Counsel for petitioner then moved the court that judgment be entered on the ground that this adjudication was *res adjudicata*, and binding upon the parties in interest. This motion was denied. Counsel then asked:

"Now, I would ask your honor at this juncture, while you have held that this proceeding is not *res adjudicata* of the matter, do you hold that it is not evidence of the fact of marriage?

"*The Court:* No; I think it is a matter to be considered."

It is ingeniously suggested that the court meant by this language that the question of the admission of the testimony was to be later considered. We find it impossible to put this construction upon the language, particularly in view of the fact that the testimony had before that been received, and contestants given the benefit of an exception. The record is therefore before us.

Is it *res adjudicata* of the fact of marriage? There is no doubt that decrees and orders of the probate court, made in the exercise of a jurisdiction conferred by law, are as final and conclusive as the judgments and decrees of any other court. 1 Freem. Judg. § 319*b*. In the present case, on the petition in the probate court, alleging mental incompetency, there were involved in the litigation two matters: One was whether Mrs. Burgess was in fact incompetent; and the second, for the purpose of determining the character of the order, whether she was at that time a married woman. Under the statute, it was proper to present this question, for the reason that, if she were unmarried, the extent of authority to be conferred by the

order upon the guardian to be appointed would be other and different than it would or could be if she were a married woman. That question was therefore distinctly involved in the issue, and the record shows it was as distinctly determined.

As was said in *Jacobson* v. *Miller*, 41 Mich. 90 (1 N. W. 1013), there are two matters in respect of which an adjudication once made may be conclusive: *First*, the subject-matter directly involved in the litigation; *second*, the point of fact or of law, or of both, which was necessarily adjudicated in determining the issue upon the subject-matter in litigation.

It was said by Mr. Justice HOOKER in *Bond* v. *Markstrum*, 102 Mich. 11 (60 N. W. 282):

" The estoppel extends to all steps involved in the judgment as necessary steps, or the groundwork upon which it must have been founded. It is allowable to reason back from a judgment to the basis upon which it stands, upon the obvious principle that where a conclusion is indisputable, and could have been drawn only from certain premises, the premises are equally indisputable with the conclusion."

An instructive case upon this question is *Garwood* v. *Garwood*, 29 Cal. 514. In that case Henrietta M. Garwood, as administratrix of the estate of her husband, filed her account. Joseph Garwood, the father of decedent, appeared to contest this account. The administratrix objected to his appearance on the ground that he had no interest in the case, and, in support of this, showed that upon the death of her husband, Joseph S. Garwood, she was pregnant with child; that, after the death of her husband, a child was born; and that she had petitioned the probate court for administration upon the estate of the child so born after the death of her husband. In that proceeding the contestant in the present case appeared, and claimed that the child was not born alive. The issue was determined in favor of the widow's contention, and administration granted her. It was held that this deter-

mination was *res adjudicata*, and determined the rights of the father, Joseph Garwood.

The case is not easily distinguishable from the present. In this case all parties who are now concerned in this litigation were before the court in the proceedings instituted for the appointment of a guardian. The precise question now sought to be litigated was there involved and determined, and we are unable to see why that determination should not be held conclusive. See, also, *Caujolle* v. *Ferrie*, 5 Blatchf. 225 (Fed. Cas. No. 2,525); *Id.*, 13 Wall. 465; Wells, Res Adj. § 426.

As, in our opinion, this judgment should have been treated as conclusive of the fact of marriage, it becomes unnecessary to consider the other questions presented in the record.

The order will be affirmed, with costs.

· The other Justices concurred.