JUDGMENT — RES JUDICATA — GUARDIANSHIP PROCEEDINGS — MATTERS CONCLUDED.

> Where, in a proceeding for the appointment of a guardian for a female incompetent, the question of her marriage, and her competency to contract marriage, are litigated, the judgment is conclusive of those questions in subsequent proceedings between the same parties after her death to appoint an administrator of her estate, and to determine who are her heirs.

Error to Chippewa; Steere, J. Submitted April 6, 1906. (Docket No. 19.) Decided July 3, 1906.

Petition by John W. Burgess to determine the heirship and for a partial distribution of the estate of Augusta W. Brown-Burgess, deceased. There was judgment confirming the order of the probate court, and Hannah Stribling, Minnie Reidy, and Emilie Metzger bring error. Affirmed.

Appellants have appealed from a judgment of the circuit court confirming the judgment of the probate court, in determining who were the heirs of Augusta W. Brown-Burgess, deceased, and in ordering a partial distribution of the estate among said heirs. Appellants again seek to contest the question of the marriage between John W. Burgess, the petitioner in this cause, and the deceased, Augusta W. Brown-Burgess. That question was contested in an application for the appointment of a guardian over Mrs. Burgess upon the ground of incompetency, and the court determined that there was a legal marriage. Subsequently Mrs. Burgess died, and after her death Mr. Burgess, as her husband, petitioned for the appointment of an administrator. The two questions to be determined by that suit were whether there was a marriage ceremony, and, if there was, whether the decedent was competent to

contract the relation. The issues were determined in favor of Mr. Burgess. The administration of the estate proceeded, and there were funds on hand ready for distribution. Mrs. Burgess left no children, and, under the statute, her husband is entitled to one-half the estate. The probate court determined that Mr. Burgess was her husband, and allotted one-half of the estate to him. The circuit court upon appeal affirmed the judgment, and the case is now before this court for determination.

*Warner & Sullivan* and *E. S. B. Sutton,* for appellants.

*Oren, Webster & Carleton,* for appellee.

GRANT, J. (*after stating the facts*). In *Burgess* v. *Stribling,* 134 Mich. 33, we held that the judgment rendered by the probate court, in the proceeding for the appointment of a guardian, that Mr. Burgess was the husband, was res judicata in a petition for the appointment of an administrator. This proceeding is between the same parties. We held in that case that the issue of the marriage was distinctly involved in the case, and as distinctly decided. The same issue between the same parties is again sought to be raised in this proceeding. To hold that it can now be raised and determined would be to overrule *Burgess* v. *Stribling.* We refer to that case for a discussion of the question and the authorities. It is not important to discuss the other questions raised. It is sufficient to say that the ruling of the court below thereon is correct.

Judgment affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.