BERRY *v.* FERRELL.

ADOPTION—JUDGMENT—EQUITY JURISDICTION—FRAUD—DEMURRER.

On demurrer to a bill of complaint averring that defendants entered into an agreement to leave an infant with its mother and grandparents, and that in breach of the arrangement, defendants conspired together and by fraud and perjury secured an order of adoption in the probate court, and that complainant, the mother, had no notice of the proceedings, it was erroneous to dismiss the bill on the ground that equity had no jurisdiction and the sole remedy was by appeal.

Appeal from Lenawee; O'Mealey, J. Submitted November 18, 1913. (Docket No. 149.) Decided March 27, 1914.

Bill by Irene Berry against Allen H. Ferrell and Floyd Ferrell to set aside adoption proceedings and an order of the probate court of Lenawee county confirming the adoption of Wylan A. Ferrell. From an order sustaining a demurrer to the bill of complaint, complainant appeals. Reversed.

*Wallace Westerman,* for complainant.

*Baldwin & Alexander,* for defendants.

MOORE, J. The bill of complaint was filed in this case February 11, 1911. Omitting its formal parts, it states in substance as follows:

"That Floyd Ferrell and Allen H. Ferrell are brothers and defendants herein. Complainant married Floyd Ferrell on or about the 20th day of October, 1901, and was divorced from him on the 15th day of December, 1906. She was married to Allen H. Ferrell, the brother of said Floyd, on the 24th day of De-

cember, 1906, and secured a divorce from him on the grounds of extreme cruelty on the 2d day of March, 1908. She is the mother of one child, Wylan A. Ferrell, of the age of four years. That each of said defendants have repeatedly stated to complainant and to others that said child was a bastard, and that neither of them was its father. That, at the time of the granting of said decrees of divorce, each of said defendants refused to recognize said child as his child, and denied the paternity thereof, and made an agreement in writing with complainant that she should have the care and custody of said child, and that she would not call upon them, or either of them, for any financial help in the care and support of said child; it being understood that the father and mother of complainant, Albert Cheesbro and Olive Cheesbro, would assist complainant in rearing said child. She further represents that she has, ever since the granting of said decrees of divorce, faithfully carried out her agreement, and never at any time asked for, or received, any assistance whatever from either of said defendants for the care, support, or clothing of her said child. That she and her father and mother are abundantly able to care for, maintain, and support said child without their interference, and will do so. That said child has been in the care, custody, and control of complainant ever since it was born, except when visiting its grandparents, Albert Cheesbro and Olive Cheesbro, at Devils Lake. Said child is well cared for in every way, bountifully provided for in the way of food and clothing, and is treated kindly, and is being reared in proper surroundings, has never been abandoned by this complainant nor its said grandparents. That Allen H. Ferrell, * * * without the knowledge or consent of this complainant, made what purports to be a declaration of adoption of said child on the 11th day of November, 1910, falsely and fraudulently charging in said declaration that complainant had abandoned her said child, Wylan A. Ferrell; said declaration being signed by each of said defendants. That on the 9th day of November, 1910, the county agent, Howard Hopkins, made his certificate and certified that the moral character of said Allen H. Ferrell was good, after investigation, also certified his approval of the adoption of said child by the said

Allen H. Ferrell. Some time during the month of November, 1910, the defendant Floyd Ferrell made an affidavit that complainant has abandoned her child, Wylan A. Ferrell, also that the mother of defendants is a good woman to have the care of, and will make a home for, said child, and that the said Allen H. Ferrell is of good character. That the jurat to said last-mentioned affidavit does not bear any date; this complainant is not therefore informed as to the exact date thereof. That all of said papers hereinbefore referred to were filed with the probate court of Lenawee county on the 13th day of January, 1911. On said date an order was, by the judge of probate, made, confirming the adoption of the said Wylan A. Ferrell by the said Allen H. Ferrell and ordering that the said Allen H. Ferrell stand in the place of parent to said child. That complainant has never had any notice whatever of any of the proceedings hereinbefore referred to taken by the said defendants, or either of them, to have her said child, Wylan A. Ferrell, adopted to the said Allen H. Ferrell. Had she been so notified, she would have appeared and opposed any such proceedings and shown by competent witnesses that said affidavits were false and a fraud upon the rights of this complainant and the grandparents of said child. On the 1st day of February, 1911, said defendants, or one of them, complainant is informed and believes, sent one of the deputy sheriffs of said county to the home of complainant's father and mother, Albert Cheesbro and Olive Cheesbro, who reside at Devils Lake, said county, where said child was stopping, to demand and take said child, claiming that Allen H. Ferrell has legally adopted said child and was therefore entitled to his custody and possession. The request of said officer to deliver said child to him was refused. That the date when said demand for the custody of said child was made, February 1, 1911, was the first information of any kind whatever that the grandparents or this complainant had that such adoption proceedings had been taken. That neither of the defendants, nor their mother are fit nor proper persons to have the care and custody of said child, for the reason that the mother of defendants is an old person and feeble and lacks the required judgment to care for a child of tender years. She is informed and believes that the

said Allen has not improved in conduct or morals since she secured a divorce from him upon the grounds of drunkenness and cruelty. That he is a very profane man, using frequently the most vile, vulgar, and profane language, and is not particular in whose presence he indulges in such conduct. That he is not fit to live with nor be in the presence of any decent woman or child any length of time. That he was divorced at two different times, besides he is not truthful, and complainant believes will lie at any time or on any occasion when deception and prevarication will serve his purpose best. That the said Floyd Ferrell is not much more truthful than the said Allen. * * * That she believes from the acts and conduct of said defendants that they jointly and severally entered into a conspiracy to get possession of her said child without her knowledge or consent, and * * * deliberately, wilfully, maliciously, and falsely, by their false statements so made under oath in the declaration of adoption and affidavits made by them, * * * misled and deceived the judge of probate and the said county agent, and by reason of and on account of said false and misleading statements the said Allen H. Ferrell secured the order of said court confirming said adoption. That since the confirmation of said adoption by said court the said Allen has threatened to remove said child, Wylan A. Ferrell, from the custody of complainant and his said grandparents, and bases his right to such possession and custody upon the order so falsely and fraudulently obtained from said judge of probate. * * * That she has, on account of said proceedings so taken as aforesaid, been obliged to seek the aid of this court of equity to get relief from said order of adoption and to retain the custody and control of her said child, and has been put to great and unnecessary expense on account thereof, in employing counsel, officers' fees, court expense, and witnesses, in addition to the loss of complainant's time."

And complainant alleges that she has no relief in the premises except in this court of equity, and prays as follows:

"(1) That defendants may answer this bill of com-

plaint, but not on oath (their answer on oath being hereby waived).

"(2) That all of the proceedings in said probate court hereinbefore referred to, relating to the adoption of said infant child Wylan A. Ferrell, including the order of confirmation of adoption, be set aside and annulled.

"(3) That said defendants Allen H. Ferrell and Floyd Ferrell, their attorneys, agents, and servants, be restrained, by the order and permanent injunction of this court, from in any way or manner interfering with or molesting said child, Wylan A. Ferrell, at any time, or in any way or manner interfering with or molesting him while in the custody or control of complainant or his grandparents, Albert Cheesbro and Olive Cheesbro, and that said injunction be issued by this court under the seal thereof, in accordance with this prayer, directed to said defendants and each of them commanding them, restraining and inhibiting them, as herein prayed.

"(4) That said defendants and each of them jointly and severally may be, by the order and decree of this court, required to pay to complainant, or to her solicitors for her, a reasonable sum of money for her expenses and loss of time in making this her defense, including solicitors' fees, witness and officers' fees, and other court expenses.

"(5) And for such other and further relief as to this court in equity deems necessary."

Upon the filing of the bill of complaint, a temporary injunction was issued as prayed.

The defendants answered the bill of complaint, admitting some of the averments of the bill of complaint.

(3) "And they answer this paragraph and admit that complainant is the mother of Wylan A. Ferrell, and admit his age; they deny the remainder of the statements in said paragraph."

(4) "They answer this paragraph, and they deny that they refused to recognize said child and denied the paternity thereof. As to what the agreement in writing was for, they are without information, so leave complainant to her proof, and they say the same in reference to the balance of said paragraph."

(5) "They answer this paragraph and admit that complainant has not called upon the father of said child to help support the same. They have no information as to the ability of her parents to care for and maintain and support the child, so leave complainant to her proof. But they state that her father is about 60 years old, has a small house and lot, and works out by the day's work, which is all he has."

They deny other statements of the bill of complaint. They deny any fraud.

(19) "They deny that she has been obliged to seek the aid of this court for relief, and they state that she has a complete remedy at law; as to what money she has spent or what she has become liable for, if anything, they have no information, so leave complainant to her proof."

(20) "They deny that complainant is entitled to any of the relief prayed."

(21) "And they ask the same advantage of this bill as though they had pleaded or demurred thereto, and they show that the same does not make or state such a case as entitles complainant to relief in this court of equity, and they state that if complainant has been in any manner wronged, which they deny that she has, she has a complete remedy in the law, and by making an appeal from the order of the court. And the said Floyd Ferrell disclaims in the case and states that he did nothing towards the adoption except that he gave his consent to the adoption of the child as the statute required. And he asks to be hence dismissed with his costs required."

On the 15th of April, 1913, a little more than two years after the case was begun, the complainant appeared in court with her witnesses and solicitor ready for trial. The solicitor for the defendants objected to proceeding with the hearing for the reason that the court did not have jurisdiction, as the matter was settled by the order of adoption made by the probate court, from which order no appeal had been made. The court sustained this objection, declined to take

any testimony, and dismissed the bill of complaint. The case is brought here by appeal.

The solicitors for the appellees say the complainant has mistaken her remedy, citing section 669, 1 Comp. Laws; *Peninsular Sav. Bank* v. *Ward*, 118 Mich. 87 (76 N. W. 161, 79 N. W. 911) ; and *Burgess* v. *Stribling*, 134 Mich. 33 (95 N. W. 1001). We think these cases are not controlling of the instant case.

The bill avers an agreement between the parties that the infant should be left with its mother and grandparents, and a performance of that agreement by the mother and grandparents. It avers an evasion and breach of that agreement by the defendants by means of a fraudulent conspiracy supported by perjury. We think the trial court should have proceeded to take testimony.

The case is remanded to the court below, with directions to hear the case upon its merits. The complainant will recover costs.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, and STEERE, JJ., concurred. BIRD, J., did not sit.