## Orrin D. Barker et al. v. William H. Cleveland.

*Estoppel of record : Judgment : Substance of issue.* A party is estopped to deny the validity of a contract for the sale of chattels, on which he has brought an action for the breach of a warranty contained in it, and obtained a judgment thereon. Such judgment affirms the validity of the contract; and by such judgment all facts necessarily within the issue, become, as between the same parties *res adjudicata.*

To constitute a judgment in one case a bar to another action, it is not essential that the object of the two suits should be the same; nor that the parties should stand in the same relative position to each other; nor is it necessary that the point in controversy should have been actually litigated in the first suit; it is sufficient if its determination was necessarily involved in the judgment.

A breach of a warranty may be the cause of action on which a plaintiff declares, or it may be a defense against an action on a contract; in both cases the pleader affirms the contract, and the point for determination is the same.

But an action of damages, occasioned by a breach of a warranty on a sale of chattels, does not present the same issue, as an action to recover back money paid upon a rescinded contract; and proof of part payment on a contract, would not be within the issue of an action founded solely on the breach of warranty, and nothing concerning such part payment, would be concluded by the judgment on the breach of the warranty.

Nor would an action for the purchase price of chattels be affected by a judgment on a breach of warranty contained in the same contract.

*Heard October 12. Decided October 19.*

Error to Lenawee Circuit.

Assumpsit for goods sold and delivered. Plea, general issue, with notice of set off and breach of warranty; and, *puis darr. con.* a judgment between the same parties in bar.

*D. B. & H. M. Duffield,* for plaintiffs in error.

*A. L. Millard,* for defendant in error.

COOLEY CH. J.

The record in this case exhibits the following state of facts:

On January 18, 1868, Cleveland brought suit against Barker & Bewick before a Justice of the Peace of Lenawee County, to recover the price of a quantity of cranberries sold by him to them, together with the packages containing them, and an oil barrel. The defendants pleaded the general issue, with notice of set off, and also the following notice: "That in, to wit, October 1865, the defendants bargained with plaintiff for a large quanity, to wit, 20 barrels of cranberries, which the said plaintiff promised to sell and deliver to defendants, and promised that said cranberries should be good merchantable cranberries, and of number one quality, and that plaintiff did not keep his promise and undertaking, but instead thereof sent to defendants a lot of poor cranberries of inferior quality, and not merchantable or of any value, which are the same cranberries set forth in the plaintiff's declaration, whereby defendants were put to great costs and loss and expense in and about the premises, and in the payment of transportation, cartage and storage upon said berries, and otherwise were greatly damaged and sustained great loss and damage in the premises, which damages the defendants will recoup in this cause, and have the amount certified in their favor. And that the cranberries set forth in the plaintiff's declaration, and for which plaintiff seeks to recover judgment, were a poor and inferior lot of cranberries, not merchantable or of any value to defendants, and not such cranberries as the plaintiff promised to sell and deliver to defendants, and that plaintiff promised and agreed that said cranberries should be of good merchantable quality, and number one cranberries and that plaintiff failed to keep his said promise and agreement."

It appears from the record that the issue thus joined

between the parties was tried by, the Justice, and judgment rendered in favor of the plaintiff, from which the defendants appealed.

After the appeal had been taken, and while it was pending in the Circuit Court, Barker & Bewick brought action against Cleveland before a Justice of the Peace of Wayne County, and declared for the same breach of contract on his part which was set forth in their notice of recoupment in the suit in Lenawee. Cleveland pleaded the general issue, and gave notice of the former suit in bar. The suit in Wayne County was tried, and the plaintiff therein proved that the cranberries in question were purchased by sample at Adrian, and were to be sent by railroad to the plaintiffs at Detroit; that they were sent accordingly, but when received were found to be greatly inferior to the sample; that Cleveland was notified by letter of the deficiency, but returned no satisfactory answer; that after holding them some time subject to his orders, they advertised them at auction and sold one barrel at a small price, but found it impossible to sell the balance at any price, and were finally obliged to throw them out. They exhibited a bill on the trial, wherein Cleveland was charged with freight and other charges, and with one hundred dollars paid on the purchase, and credited with the sum received for the one barrel sold. The question whether there was any difference in value between the berries bargained for and those actually delivered, was not raised in the evidence on that trial, but the plaintiff claimed that the cranberries were worthless, save what was received on the sale of the one barrel. In their bill of particulars the plaintiffs credited the defendant with the price of the oil barrel he had sold them, and the same was allowed by the Justice in the judgment which he rendered. That judgment was in favor of the plaintiffs for one hundred and twenty-nine dollars and thirty-three cents damages and costs.

Cleveland subsequently removed the proceedings into the Wayne Circuit Court by certiorari, but the judgment was there affirmed, and he then paid it.

The cause in Lenawee County was brought to trial in the Circuit Court on May 28, 1869. The plaintiff, Cleveland, proved the sale of the cranberries at the price agreed upon, also of the packages containing them and the oil barrel, and that they were delivered by him to common carriers at Adrian to be transported to Detroit, according to the directions of the defendants. The proof of the sale was oral, and did not show whether the contract was in writing or not, but it does not appear to have been objected to by defendants. The defendants relied upon the judgment in Wayne County as a bar; they having given notice *puis darrein continuance* of the judgment as a defense. The Circuit Judge found that there was a valid contract of sale; that the judgment in Wayne County was not a bar, and that plaintiff was entitled to recover the agreed price for the berries, and he gave judgment accordingly. This judgment is the one now before us on writ of error.

As we think the Circuit Judge reached the correct conclusion on the merits in this case, we do not find it necessary to discuss some of the questions raised by the brief of the defendant in error, the plaintiff below, and which are supposed to meet, on grounds of a technical character, the various assignments of error. Some of those questions are both difficult and important, and it is proper that a decision upon them be postponed until it shall become necessary.

The plaintiffs in error insist, among other things, that the contract of sale, as shown in the court below, should have been held void under the statute of frauds, inasmuch as it was for the sale of goods to the value of more than fifty dollars, and it was neither shown that the contract was in writing, nor that any earnest money was paid, nor

19 MICH.—D².

that there had ever been an acceptance of the goods as required by the statute in the absence of a written contract or of earnest money. Delivery to a carrier, they say, is not delivery to them; and there was no evidence given in this case to show that the berries ever came to the hands of defendants.

There is an answer to this, which it would seem ought to be conclusive. Not to speak of the facts that it does not affirmatively appear that the contract was not in writing; that the evidence to establish it was received without objection, and that the Circuit Judge finds the contract a valid one, we may inquire whether it does not affirmatively appear that the berries were in fact received and accepted by the defendants in such a manner as to make the contract valid under the statute of frauds.

The plaintiff, it appears, relied upon a delivery to the carrier selected by the defendants as a delivery to and an acceptance by them. If the evidence had stopped here it would have been necessary for us to determine whether the receipt by the carrier was such an acceptance by the purchasers as would satisfy the statute. But it did not stop here. The defendants put in evidence of the proceedings and judgment in Wayne County as a bar to the suit, and by so doing they made them evidence for both parties for whatever they would legitimately prove. And, we think it very clear, that they prove not only satisfactorily but conclusively, both a valid contract of sale, and also that the defendants accepted the articles sold.

It has already been stated that in the Wayne County suit the plaintiffs counted on the breach of a warranty contained in the contract for the sale of these berries. The Court found their allegations true, and gave judgment for the damages they had thereby sustained. Now, whatever fact became the subject of judicial controversy in that suit, and was relied upon by the plaintiffs therein in support

of their action, is necessarily comprehended within the judgment which was rendered by the Court, and is thereby, by inference of law, conclusively settled between the parties to the adjudication.—*Jennison v. Inhabitants of W. Springfield, 13 Gray, 544.*

When a party declares upon a contract of warranty contained in a sale of chattels, he necessarily affirms the validity of the contract. The warranty does not stand independent of the sale, but is inseperably connected with and forms a part of it. It is only one of the stipulations in the main contract, and it can neither be alleged, or proved or judicially found, except as a part of the sale. It is evident, therefore, that the judgment in Wayne County in affirming the warranty also affirmed, of necessity, the contract of sale, and that the existence and validity of that contract were therefore necessarily within the issue in that case, and are now *res adjudicata.*

To constitute the judgment in one case a bar to another action, it is not essential that the object of the two suits should be the same, or that the parties should stand in the same relative position to each other. It would not be claimed by the plaintiffs in error, that because they were plaintiffs in one suit and defendants in the other, that therefore their judgment should not conclude them if the point in controversy were the same in both cases. Nor is it important that in one case it was one stipulation of a contract which was sought to be enforced, while the other suit involved a different stipulation: the validity or invalidity of the contract being adjudged in the one case, it is settled for the other also.— *Betts v. Starr, 5 Conn., 550 ; Dotj v. Brown, 4 N. Y., 71 ; Williams v. Fitzhugh, 44 Barb., 321; Walker v. Chase, 53 Me., 258 ; Sawyer v. Woodbury, 7 Gray, 502 ; Birckhead v. Brown. 5 Sandf., 134 ; Castle v. Noyes, 14 N. Y., 329.* And it is immaterial whether the point was actually litigated in the first suit or not, if its determination was necessarily

included in the judgment.—*Bellinger v. Craigue, 31 Barb.*, *537*. In the Wayne County suit Cleveland did not dispute the validity of the contract of sale, but as the plaintiffs therein counted upon it, and based their right to recover, upon the failure of the articles they received under it to comply with the warranty it contained, and as they have had the benefit of a recovery upon the contract, they are precluded now from alleging that no such contract was ever made.

But the plaintiffs in error also insist that the Wayne County judgment is a conclusive bar to Cleveland's suit, and that the Circuit Judge erred in this case in holding otherwise. As we understand counsel, they claim that the question of the payment of the purchase price was necessarily covered by the issue in their suit upon the warranty, that the Court was required to pass upon it in order to determine the amount of damages they had sustained, and that the sum of one hundred dollars actually found to have been paid was taken into account in the judgment rendered. If the plaintiffs in error are correct in these positions, then, unquestionably, the judgment in the case before us is clearly erroneous.

We have no doubt that had Barker & Bewick proceeded in that case upon the theory of the total rescission of the contract and recovered a judgment, such judgment must have been held conclusive. When a vendee puts an end to the contract of sale for the failure of the vendor to perform, and brings suit for the recovery of damages, the object of the suit is to place the plaintiff, so far as the law can accomplish that result *in statu quo*. It is obvious that in such a case the inquiry is of the first importance, how much has been paid on the contract, since such payment constitutes usually the first and leading item of damages. The purpose of such a suit is to recover back the sums which the plaintiff has paid

out upon and in consequence of a contract, the benefit of which he has lost through the non-performance by the other party.—*Freeman v. Clute, 3 Barb., 424.* The issue therefore necessarily covers, and the trial, adjusts, all questions of payment of the purchase price, and the vendor is forever precluded from maintaining a suit for the same or any unpaid portion thereof.

But we do not understand that an enquiry concerning the amount of damages sustained by breach of warranty, necessarily involves the question of the payment of the purchase price. If the contract is a valid one, it is immaterial to the plaintiff's action in such a case whether he bought for cash, or upon a credit not yet expired. The object of the suit is foreign to the question of payment. He sues to recover the difference between the actual value of the articles received on the contract, and what their value would have been had they answered the warranty, and unless the vendor defends on the ground of non-payment of the purchase price, the Court does not concern itself with that question. The parties in such a case are at liberty to settle their controversies in one suit or by cross actions; but whether one suit is brought or two, the damages are measured in the same way. If the vendee, instead of bringing a cross action, sets up the breach of warranty by way of recoupment, the vendor is entitled to recover the purchase price, while the vendee will have awarded to him, by way of reduction, such damages as he can show he has sustained by a breach of the promise of warranty.—*Thornton v. Thompson, 4 Grat., 121.* The rights of the parties are adjusted by giving the vendor the purchase price, and then requiring him to make good to the vendee any deficiency in the quality of the articles sold.

If, however, the vendee thinks proper to bring an independent suit upon the warranty, the damages of the re-

spective parties are not measured by any different standard. If the vendee recovers in that suit, he is conclusively presumed to recover the full difference between the value of the articles delivered, and their value as they would have been had they complied with the warranty. If the only issue in the case is upon the warranty, the Court will not concern itself with the enquiry how much of the purchase price has been paid.—*Perrine v. Serrell, 30 N. J., 458.* And the vendee, having recovered his damages in that suit, is supposed to be fully compensated for any deficiency in the articles bought, and to be legally bound afterward to pay any balance of the purchase price, without deduction or controversy.

In the present case we do not deem it important to determine whether the Justice in the Wayne County case took into consideration the moneys, if any, paid towards the purchase price. If he did, we think he went aside from the issue to do so, and could not thereby bind the vendor, who did not by his pleadings make that matter the subject of litigation in that suit. Indeed we have reason to suppose that the pleadings in the suit brought by Barker & Bewick were entirely silent on the subject of the payment of the purchase price, and, therefore, that even collaterally the question did not necessarily arise. For although we have not the declaration in that case before us, we are referred by this record to the notice of defense in the Lenawee suit as embodying the same matters of substance, and that notice appears to be silent on the subject.

The payment of something toward the purchase price appears to have been brought before the Justice in the suit by Barker & Bewick by their exhibiting a bill in which they charged Cleveland with one hundred dollars paid. Cleveland had no interest in disputing the payment in that suit and we do not know whether the Justice did, or did not allow it to affect the damages he awarded. But how-

ever, that may be, it is clear, we think, that Cleveland's suit for the purchase price was not affected by any matter not in issue being brought to the notice of the Justice, and proofs given concerning it by the plaintiffs. The same remark is applicable to the credit for the oil barrel which the plaintiffs gave in that suit. Cleveland had not made that a set off, and the plaintiffs could not compel him to do so. He already had an action pending to recover the price of it, and could not be forced, against his will, to litigate it in another suit.

We find no error in the record, and the judgment should be affirmed.

The other Justices concurred.