Two Hundred Thousand Feet of Logs v. John Sias.

*Lien on logs—Defects in petition—Judicial notice.*

A petition to enforce a lien on logs, under Comp. L. ch. 43, is fatally defective if it does not allege the jurisdictional fact that they are within the county where the suit is begun.

A petition to enforce a lien on logs alleged that the petitioner had run them into a certain boom. *Held* that the court could not take judicial notice that the boom was within the county where the suit was begun so as to cure the omission of the averment that the logs were within the county and therefore subject to the jurisdiction.

In proceedings to enforce a lien on logs the appearance and plea of a claimant does not waive previous jurisdictional defects in the proceedings, where the judgment is in form against the logs and there is no judicial determination that the claimant is the sole owner of them.

Error to Saginaw. Submitted April 15. Decided April 21.

Petition to enforce lien on logs. Claimant brings error.

*Brown & Leaton* for plaintiff in error.    A petition to enforce a lien on logs must show that the work for which it is claimed was necessary, *Ames v. Port Huron Log etc. Co.* 11 Mich. 147; *Chapman v. Keystone L. & S. Co.* 20 Mich. 367; *Dwinel v. Fiske* 9 Greenleaf 21.

*Camp & Brooks* for defendant in error.

MARSTON, C. J.    Defendant in error claimed a lien upon the logs in question under and by virtue of the provisions of chapter 43 of the Compiled Laws, for his reasonable charges and expenses in breaking jams and running the same from the place where banked in Isabella county, into the Tittabawassee boom.    The proceedings were commenced in Saginaw county, and in the petition filed it was alleged that petitioner did not know and was unable to ascertain who was the owner of said logs or who owned them at the time they were put into the river.

The statute (Comp. L. §§ 1662, 1663) gives the claimant the right to commence his action in any county in which the property or any part thereof may be situated. The petition contained no allegation that any of the logs were in Saginaw county.    It did state that the petitioner ran the logs into the Tittabawassee boom, but contained no allegation that such boom or any part thereof was within the limits of Saginaw county, and the court could not take judicial notice of such fact.

A want of such allegation is fatal.    Unless the logs or a part of the logs so run were situated in Saginaw

county at the time the petition was filed, the circuit court of that county could not have jurisdiction. A distinct allegation of such jurisdictional fact should have been made in the petition.

It is claimed, however, that after the petition had been filed, the appearance of William N. Brown as owner of the logs was entered, a plea of the general issue and notice of set-off and recoupment put in, and a trial had upon the merits, which constituted a waiver of any previously existing jurisdictional defects.

If after such appearance all subsequent proceedings had been in accordance with the practice of such court in actions of assumpsit, as the statute would seem very clearly to contemplate (§ 1663), then, in so far as a personal judgment against Brown would, have been rendered, the position taken might be correct. Such was not the practice adopted, and the verdict and judgment rendered were not against Brown as owner, but in form against the logs.

There was no determination that Brown was owner; the fact that he appeared as owner would not be conclusive upon that question. Other persons might be interested as owners of the logs, and where the judgment rendered was one against the logs, the court must have had jurisdiction to render such a judgment, and such jurisdiction could not have been obtained from the appearance and waiver of one claiming to be owner. The court not having therefore acquired jurisdiction to proceed against the logs, the other questions raised become immaterial.

The judgment must be reversed with costs of both courts to Brown.

The other Justices concurred.