DETROIT, LANSING & NORTHERN RAILROAD CO.
*v.* McCAMMON.[1]

1. EQUITY PLEADING—VERIFICATION OF PLEA.

A plea to a bill in chancery, which sets up a public record of the same court in which the suit is pending, need not be verified.

2. SAME—PRACTICE.

Defendant entered a plea to a bill in chancery, and, no replication being filed, noticed the same for argument. After the lapse of 20 days, complainant, claiming that defendant should have secured an order of reference to a master to obtain a report as to the truth of the plea, petitioned for an order that the bill be taken as confessed, which order was denied. Upon argument, the plea was sustained; and, after the lapse of 10 days, the complainant not having taken issue on the plea, a decree was made dismissing the bill. *Held*, that the practice pursued was that prescribed by Chancery Rule No. 25, which contemplates that the truth of the plea shall be determined after issue joined.

3. SAME—SUFFICIENCY OF PLEA.

While it is proper for the defendant to assert in his plea that he does not confess or acknowledge all or any of the matters set forth in complainant's bill, it is not essential to a good plea that he should do so.

4. SAME—PLEA IN BAR—SUFFICIENCY—AMENDMENT.

A plea to a bill in chancery, setting up the dismissal of a former bill asking for the same relief, is insufficient if it fails to aver that the former decree was on the merits. An omission in this respect, however, may be supplied by amendment.

5. SAME—RES JUDICATA.

A decree dismissing a bill in chancery after a hearing upon the merits is a bar to a subsequent suit having the same object, and based upon the same state of facts, although the transaction is set forth in amplified form, and the prayer for relief is not identical with that of the former bill.

---

[1] Rehearing denied May 6, 1896.

Appeal from Ingham; Person, J.   Submitted December 6, 1895.   Decided February 26, 1896.

Bill by the Detroit, Lansing & Northern Railroad Company against Melvina R. McCammon to enjoin the prosecution of a suit in ejectment.   From a decree dismissing the bill upon a plea in bar interposed by the defendant, complainant appeals.   Reversed.

*M. V. & R. A. Montgomery,* for complainant.

*Cahill & Ostrander,* for defendant.

MONTGOMERY, J.   The complainant filed a bill setting up, in substance, that in March, 1871, the defendant was the owner of the quarter section of land within which the strip in controversy is included; that on March 8, 1871, the defendant conveyed to the Detroit, Howell & Lansing Railroad Company a strip of land described, etc.; that, before the making of the deed, the railroad company had completed the "entire work of clearing and grading across the said quarter of said section;" that everybody supposed that the railroad track was laid on the strip so deeded until "sometime in the year A. D. 1882," at which time the defendant "was advised that the roadbed and right of way of complainant was not located and constructed upon said strip;" that, as a matter of fact, however, the line was constructed nearly 200 feet south of the strip described in the deed; that in March, 1886, defendant began ejectment "to recover possession of said last-mentioned strip;" that issue was joined, a trial had, and verdict and judgment rendered for plaintiff, which judgment was affirmed by the Supreme Court (66 Mich. 442); and that thereafter the complainant paid the costs, and took a new trial.   The prayer was—

" That the amount of compensation, if any, to which said defendant may be fairly, reasonably, and equitably entitled, because of the premises, may be ascertained under the direction of this honorable court; that, upon payment

to said defendant by your orator of said sum so to be ascertained, she (said defendant) may be thereafter perpetually enjoined and restrained from the further prosecution of said suit in ejectment, and from interfering in any way with said last-described strip of land, and with your orator's possession and occupancy thereof; and that your orator may have such other relief and such further relief in the premises as may be agreeable to equity and good conscience."

To this bill defendant filed a plea setting up a former suit in bar. The plea stated—

"That complainant heretofore, to wit, on the 31st day of March, 1892, exhibited its bill of complaint in this court against this defendant and Hannah Rice (who was, at the time of the exhibiting of this bill, deceased) for the recovery of the very same rights, claims, and causes of action as in this bill now pending are sought to be recovered, as appears by a copy of said bill hereto attached, marked 'Exhibit A,' and made a part of this plea; and such proceedings were afterwards had that this defendant filed her answer to said bill in said court, and the complainant filed a general replication thereto, and, the said cause thereupon being at issue, proofs were taken on both sides in open court before the Honorable Rollin H. Person, then sitting as circuit judge, and the said cause was, after the taking of said proofs, duly argued by counsel for the respective parties; and afterwards, and upon due consideration thereof by the court, on, to wit, the 12th day of October, 1893, a decree was duly made, signed, filed, and entered in said cause dismissing said complainant's bill, which said decree and the proceedings theretofore had in said cause were afterwards, and on the 13th day of November, 1893, duly enrolled by the register of said court, and now remain and are of record therein; that no appeal was ever taken from said decree, nor has said decree ever been set aside, vacated, or held for naught, but was, at the time it was so entered and enrolled, and has ever since continued to be, in full force and effect,— all of which more fully and at large appears by the said bill so formally exhibited, and by the answer and decree therein so made, entered, and enrolled, to which bill, record, and decree, for greater certainty, defendant prays leave to refer."

The appended copy of the bill, in the first place, shows that there was set up in that proceeding the fact of the execution of the deed; that, when it was executed, the railroad company had filed its map, and had entered upon the construction of its road over and across defendants' land, until the entire work of clearing and grading the roadbed was completed, and that the road was soon after completed, and that the complainant had since maintained a continuous and exclusive possession; that in 1882 defendants were advised that the roadbed and right of way over and across this land was not located upon the strip described in the deed; that, at the time of the execution of the deed, the defendants knew precisely where the right of way was in fact located, and the said roadbed actually constructed; that there was a mistake made in the description of the land conveyed; that complainant had endeavored to effect an amicable settlement, but that its efforts had failed. The bill prayed—

"That said defendants, and each of them, be enjoined and restrained from the further prosecution of their ejectment suit above mentioned; that the said deed from said defendants to said Detroit, Howell & Lansing Railroad Company be so reformed that the description of the premises thereby conveyed shall describe the land which was actually intended to be conveyed thereby, as above stated; and that your orator have such other relief and such further relief in the premises as may be agreeable to equity and good conscience."

This plea was not verified. Complainant filed no replication. The defendant noticed the plea for argument under Chancery Rule 25. On the argument the plea was sustained, and the complainant, standing on the claim of insufficiency of the plea, appeals. A decree was made, after the lapse of 10 days, dismissing complainant's bill, and from this decree complainant appeals.

A preliminary question of practice is to be considered. It is contended by complainant that defendant should have obtained an order of reference to a master, and ob-

tained a report as to whether or not the plea was true. Acting upon this idea, complainant, after the lapse of 20 days, petitioned for an order that the bill be taken as confessed. The circuit judge denied this order, and passed upon the sufficiency of the plea. We think the practice pursued is that prescribed by Chancery Rule No. 25. This rule provides that, when the defendant pleads to a bill, the complainant shall have 20 days to file a replication to the plea or amend his bill; and that, if he does not take issue on the plea or amend the bill within that time, either party may notice the plea for argument; and that if, on argument, the plea is allowed, the complainant may, within 10 days, take issue upon the plea, upon payment of costs. This rule clearly contemplates that the truth of the plea shall be determined after issue joined.

It is also urged that the plea is insufficient for the reason that it is not verified. But the practice does not require a verification of the plea when it sets up a public record of the same court in which the action is pending. Jenn. Ch. Prac 69; 1 Barb. Ch. Prac. 118.

We conclude, therefore, that the question of the sufficiency of the plea was properly before the court, and we are to determine whether the circuit judge properly ruled that it was sufficient.

Some criticism is made of the formal parts of the plea. It is said that a plea to the whole bill should protest that neither all nor any of the matters alleged in the bill are true. The form adopted was "by protestation, not confessing or acknowledging the matters and things in and by said bill set forth," etc. The complainant's counsel cite the precedent in Puterbaugh. It is proper to assert that defendant does not confess or acknowledge any or all of the matters set forth. Does it follow that it is essential to a good plea to do so? We think not. In Story, Eq. Pl. § 694, it is said:

"As to the form of a plea, it is, like a demurrer, always prefaced by a protestation against any confession or admission of the facts stated in the bill. But the only

use of this seems to be to prevent any conclusion in another suit; because, for the purpose of deciding the validity of the plea, the bill, so far as it is not contradicted by the plea, is admitted to be true."

Counsel are mistaken in assuming that the plea does not assert that it is to the whole bill.

Counsel contend that the plea is not sufficient in substance, for the reason that it does not assert that the former cause was heard on its merits, or that the decree was based upon such hearing, or that the former decree determined that complainant had no title to the relief sought by its present bill, or that the answer to the former bill was to the whole of the said bill. The plea must negative intendments. See Mitf. Ch. Pl. 349 (*298). The meaning of an intendment is that, allowing an averment to be true, but that at the same time a case may be supposed consistent with it which would render the averment inoperative as a full defense, such case shall be presumed, unless specifically excluded by particular averment. Id. 350 (*299), citing Lube, Eq. 343. We think this objection to the plea well taken.

If it be assumed that the former case was dismissed on its merits, is it a bar? That is the principal question. The additional facts shown in the present bill are:

"When the road was completed, and trains began to run, the officers of the Detroit, Howell & Lansing Railroad Company, as well as the defendant, each and all supposed that it [the road] was located upon the strip described in the deed."

"The road was not constructed upon the strip conveyed, but, instead thereof, it was constructed in the center of a strip which began at a point nearly 200 feet south of the land described in the deed," etc.

"Until sometime in the year 1882, all the officers and agents of the railroad company, as well as the defendant, supposed that the strip of land occupied by the railroad was the same strip described in the deed."

"Complainant has expended many thousand dollars in constructing its line across this strip of land. The same is of no use to the defendant. The defendant does not expect

or desire possession, and she is not attempting or intending to secure such possession, but, on the contrary, she is manifestly attempting and undertaking to compel complainant to pay her a large and unconscionable sum of money."

"The new bill admits that the strip of land actually occupied contains one or two more acres than did the land described in the deed; that complainant cannot surrender it without subjecting itself to many thousand dollars damage; that, ever since the mistake was discovered, complainant has always been, and now is, ready and willing, and it now offers, to fully and liberally compensate defendant, McCammon, for such additional amount of land so occupied by it, and for any and all benefits accruing to it by reason thereof, as well as any and all damage or compensation to which said defendant may be fairly entitled by reason thereof."

Do these statements present a different case than that presented in the former bill? It is not contended, of course, that the charges in the bill relate to a different piece of property. It cannot be contended but that the relief sought is based upon the same claim of mistake upon the part of complainant. The first bill avers action taken by complainant based upon such mistake, and in the belief that the company was occupying the land purchased. The additional facts set up are amplifications of the facts set up in the former bill. Can the complainant, then, set up a transaction like that in question, the chief fact in which is the mistake of complainant as to the land intended to be conveyed, permit the case to proceed to a final decree, and then file a bill setting up the same transaction in amplified form, but still requiring the same fact to support the bill, i. e., the averment of mistake? We think not. To admit this would admit of as many new bills as there happen to be incidental facts which could be successively set up. *Barker* v. *Cleveland*, 19 Mich. 235; *Pierson* v. *Conley*, 95 Mich. 619. This rule may work a seeming hardship in the present case, as it appears that the solicitor for the complainant, who had charge of the former suit, died after the decree, and before time limited

for appeal; but this is conjectural. At all events, the proper remedy would be by application for leave to file a bill of review.

We think the plea defective in the one particular of not averring that the former decree was on the merits. We have no doubt of the right of the court to grant an amendment. Mitf. Ch. Pl. 327 (*281), note; 2 How. Stat. § 7631.

The decree will be reversed and remanded. The defendant will be at liberty to apply to the court below for leave to amend within 20 days from the entry of this decree.

LONG, GRANT, and HOOKER, JJ., concurred. MC-GRATH, C. J., did not sit.