## CARR v. BRICK.

LOG LIENS—TRESPASSERS—RES JUDICATA.

> While a mere trespasser is entitled to no lien upon logs for labor and expenses as against the owner, the latter cannot, in replevin for the logs, deny upon that ground the validity of a lien established in proceedings under 3 How. Stat. § 8427e *et seq.*, wherein he was served, appeared, and defended the action.

Error to Alpena; Kelley, J. Submitted June 16, 1897. Decided July 13, 1897.

Replevin by James O. Carr against William Brick. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*J. D. Turnbull,* for appellant.

*Dafoe & Gustin,* for appellee.

MONTGOMERY, J. This is an action of replevin, brought by plaintiff in justice's court for the possession

of 25,000 feet of hemlock and basswood logs. The case was appealed to the circuit court, where a judgment was directed for the defendant for the value of the logs. The defense interposed was that the defendant purchased the logs at a sale made upon an execution issuing from justice's court in a lien proceeding, brought under section 8427e, 3 How. Stat. The evidence shows that the defendant in this case asserted such a lien, that the writ was served upon the present plaintiff as owner of the logs, and that he appeared before the justice, and defended the action. Section 8427f, 3 How. Stat., provides that, if the defendant in said attachment is not the owner of the property described in the writ, the officer shall serve, on or before the return day, a copy of the attachment upon the owner, and section 8427m provides that the owner may appear and defend the action the same as if made a party originally. When these proceedings were offered in evidence, objection was made by plaintiff's attorney, but it was stated, in response to the court's questions, that there was no objection to any of the lien proceedings, except that they were irrelevant and incompetent, from the fact that the timber was cut by a trespasser, and that the lien claim was being enforced against the logs by a trespasser; and that there was no claim of any informality in the preliminaries, or in the form of the judgment, execution, etc.

Plaintiff's contention in the lower court and in this court is that a trespasser cannot acquire a lien for his work in cutting timber, and that therefore the justice had no jurisdiction to render a judgment fixing a lien upon these logs.

The first proposition may be readily conceded; but the jurisdiction of the justice of the peace was fixed by the affidavit, writ, and service had in the case pending before him. The very question that was tried before the justice of the peace in the first case was whether or not these logs were subject to a lien in favor of the claimant. Not only did the present plaintiff have the opportunity to try that

question, but he actually did take part in the trial, and the determination was against him. An erroneous judgment is not necessarily a judgment rendered without jurisdiction. The first judgment was conclusive of the rights of the parties. See note to *Duchess of Kingston's Case*, 2 Smith, Lead. Cas. 784, 808; *Jacobson* v. *Miller*, 41 Mich. 90; *Barker* v. *Cleveland*, 19 Mich. 230.

Counsel relies upon *Pine Saw Logs* v. *Sias*, 43 Mich. 358; but in that case it did not appear that the real owner of the property was before the court. The court say: "There was no determination that Brown was the owner. The fact that he appeared as owner would not be conclusive upon that question." Furthermore, that case was a direct proceeding to review the decision of the trial court, determining that there was a lien upon the logs.

Counsel also cites authorities to establish the proposition that a trespasser, however innocent, can acquire no lien upon logs for labor and expenses as against the owner. There would be no hesitancy in accepting this proposition as correct if the question were open upon this record; but, as we have seen, the precise question tried before the justice in the first case was whether a lien existed upon the logs. That was determined, and determined for all time.

Judgment is affirmed.

The other Justices concurred.