KELLOGG *v.* THOMPSON'S ESTATE.

JUDGMENT—RES JUDICATA.

> A claim against an estate upon a note cannot be defended by the executor on the ground that the claimant is chargeable with a breach of a guaranty that a specified sum should be realized from accounts transferred to decedent before he should become liable upon the note, when such defense was the subject-matter of a suit between the claimant and the decedent in his lifetime, and was determined adversely to the latter on the ground of lack of diligence, although the pleadings therein were not so framed as to admit of the showing, which the executor desires to make, that the claimant had waived the right to insist upon such diligence.

Error to Jackson; Lane, J., presiding. Submitted November 6, 1897. Decided January 25, 1898.

Henry Kellogg presented a claim against the estate of William D. Thompson, deceased. The claim was disallowed by the commissioners, and claimant appealed to the circuit court. From a judgment for claimant, the estate brings error. Affirmed.

Claimant recovered against the estate upon a note reading as follows:

"$5,000.                    JACKSON, Feb. 15, 1887.
"On or before three years after date we promise to pay
to H. Kellogg (not negotiable) five thousand dollars, inter-
est at seven per cent. annually, at Jackson City Bank,
value received.
"Due February, 1890.

                    "M. W. CLARK.
                    "GEO. W. BAKER.
                    "W. D. THOMPSON."

The defense interposed was that the note in question was
given as a part purchase price of a stock of goods and of
accounts aggregating in amount something over $30,000;
that the transfer of this stock of goods and accounts was
made by a bill of sale signed by claimant, and containing
the following guaranty: "That the annexed invoice is a
true statement of the amount and value of stock, mer-
chandise, and property. And also guarantee, represent,
and warrant that there is in said stock goods to the value
of $17,709.68. Also that the amount of $29,702.54 net
shall be realized, without charging for the personal ser-
vices of parties of the second part, nor other charges of
second parties, except incurred in suits by the parties of
the second part, upon the accounts and notes herein con-
veyed. The parties of the second part shall use due dili-
gence in their collection,"—and accompanied also by the
following memorandum relative to said note:

                    "JACKSON, MICH., Jan. 25, 1887.
"*Whereas*, on this day a bill of sale has been given by
Henry Kellogg to Clark, Baker & Co., a copartnership
to be formed, and said Kellogg makes certain guaranties,
in his bill of sale therein fully set out (this agreement
shall be attached and made a part thereof). Said Kellogg
takes certain notes for the sum of $18,000, one of which is
for $5,000, due in three years from and after its date.
This note is so made for the purpose of securing his
guaranty to that extent, the guaranty being set out as
aforesaid in the bill of sale hereto attached. And while
the note on its face indicates that the interest is payable
annually, which is true, but upon final settlement of the
actual liability on this note, taken in connection with the
guaranty. The settlement under the guaranty may be

called for at any time after the collection of said accounts so sold and guaranteed has been made to the full extent practical.   The interest to be computed only upon such principal in such note as is actually realized as against the guaranty upon said accounts.   After such settlement, if any moneys are received on the accounts further than are expected upon such settlement, then they shall be payable to H. Kellogg, until the loss upon the face of this note is compensated.              HENRY KELLOGG."

The claimant replied to this defense that, in the lifetime of said Thompson, Clark, Baker & Co., of which firm deceased was a member, instituted a suit upon the guaranty contained in the bill of sale, and prosecuted the same to judgment, and that the identical claim which is now made by the estate was determined against said firm in that action. This plea was not sustained, and the case was tried on its merits, and judgment passed in favor of the claimant, and the executors bring error.   To support the plea of former adjudication, the record and proceedings in the former case, which found its way into this court, and is reported in 96 Mich. 171, under the title of *Clark* v. *Kellogg*, were introduced.

*Wilson & Cobb*, for appellant.

*Blair & Edwards*, for appellee.

MONTGOMERY, J. (*after stating the facts*).   The question which meets us at the threshold of this case is whether the subject-matter is *res judicata*.   In the former case it was determined that Clark, Baker & Co. had failed to use due diligence in the collection of the accounts, within the meaning of the guaranty.   The subject-matter of that suit was the alleged right to recover of Kellogg by reason of a breach of his contract of guaranty. The subject-matter of defendant's claim in the present proceeding is the same alleged breach.   But that issue was tried in the former suit, and determined in favor of the present claimant.   As was said in *Bond* v. *Markstrum*, 102 Mich. 11:

"A former adjudication of the right of action, where the court had jurisdiction of the subject-matter and of the parties, is unquestionably a bar to an action for the same debt or claim, and is conclusive where the same subject-matter is sought to be again litigated, no matter how, between the same parties. In such case it is no answer to say there were questions which were not raised or litigated. It is enough if they might have been raised and litigated."

It is contended by the defendant, however, that the former judgment does not constitute a bar to subsequent proceedings for the same cause of action, unless rendered on the merits of the case; and that as the pleadings in the former case did not admit of a showing that the diligence required by the contract on the part of Clark, Baker & Co. had been waived by Kellogg, and as the testimony in this case tends to show that fact, the former adjudication was not an adjudication of the merits. It is undoubtedly true that the determination of a case by a court without reaching the merits is not a bar to another action, but this is not that case. Plaintiffs saw fit to declare, alleging performance of the contract on their part, to wit, the exercise of due diligence. They could have made their case under the declaration by showing that they used the diligence required by the terms of the contract. They elected to proceed to trial and judgment on the issue. It is true, the pleadings were not so framed as to admit of proof that Kellogg had waived his right to insist that due diligence required that legal proceedings be instituted against the debtors, but nevertheless the subject-matter of the suit was the breach of the contract of guaranty, which depended upon the alleged inability to collect the accounts. Is it any the less a second vexing of the party for the same cause of action because the plaintiffs undertook in that case a greater burden of proof than they were able to maintain? We think not. This case does not fall within that class of cases in which it has been held that a former suit, in which the cause of action was not admissible under the pleadings, is not a bar. A recovery on the issue as made in *Clark* v. *Kellogg*, on evidence supporting the

cause of action, must have been sustained. The difficulty was that the plaintiffs failed in their proof. They alleged a breach of the identical agreement herein involved,—tried the case through to a finish; could they the next day institute and maintain a new suit by averring that they failed in the former because they had not alleged facts in their declaration which would have lessened the burden which they saw fit to assume, and assert a right to recover for the identical default on the identical contract which had formed the subject-matter of the previous litigation? We think not. They elected their own course, and are bound by the election. See Wells, Res. Adj. §§ 249–251, and cases cited; *Girardin* v. *Dean*, 49 Tex. 243; *Detroit, etc., R. Co.* v. *McCammon*, 108 Mich. 368.

It follows from these views that the judgment should be affirmed.

The other Justices concurred.