### JUNGNITSCH v. MICHIGAN MALLEABLE IRON CO.

1. Judgments—Res Judicata.
   A reversal on appeal, without a new trial, of a judgment for personal injuries, rendered in an action wherein the alleged negligence of defendant was set out in the declaration in two counts, upon only one of which counts plaintiff was allowed to proceed, is a bar to any subsequent action for the negligence as averred in the other count.

2. Same—Nonappealable Orders.
   The fact that a plaintiff is not entitled to appeal from an order striking out one count of his declaration, alleging a, nondivisible cause of action in separate counts, does not affect the conclusive force of a judgment on the other counts.

Error to Wayne; Frazer, J. Submitted May 9, 1899. Decided October 3, 1899.

Case by Oscar Jungnitsch against the Michigan Malleable Iron Company for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*William Look* and *Ira G. Humphrey* (*Willis Baldwin*, of counsel), for appellant.

*Keena & Lightner*, for appellee.

Per Curiam. The plaintiff sues to recover damages for negligent injury. The defense of a former suit in bar was sustained by the circuit court, and plaintiff has brought error. It appears that the plaintiff, by his next friend, brought a former action before the circuit court of Wayne county to recover for the same injury, imputing negligence to the defendant in different counts, in one of which the same breach of duty as is set up in this action was averred. On the trial the court ruled that the breach of duty which is set up in this action did not entitle the plaintiff to a verdict. The plaintiff submitted the case to the jury on the other count, and recovered a verdict, which was reversed by this court on error, and no new trial ordered. 105 Mich. 270.

The cause of action was not divisible, and the cause of action here set out was within the issue presented by the former case. The rule is settled that a prior judgment is a bar to all the matters that might have been tried under the issue made. *Barker* v. *Cleveland*, 19 Mich. 230; *Pierson* v. *Conley*, 95 Mich. 619; *Detroit, etc., R. Co.* v. *McCammon*, 108 Mich. 368; *Kellogg* v. *Thompson's Estate*, 115 Mich. 618; *Jacobson* v. *Miller*, 41 Mich. 90. The cases cited by plaintiff's counsel to the point that the withdrawal of a portion of a divisible cause of action entitles the plaintiff to a new action on such portion of the demand do not apply here, for the reason that the cause of action was not divisible. If the recovery of the plaintiff had stood, he certainly could not have had another cause of action under the present count.

But it is further contended that, as the plaintiff could not appeal from the ruling of the circuit judge, he should not be debarred from trying the case anew. We do not find anything to sustain the view that the force of a judgment as a bar depends upon the right to appeal. Appeal

iŝ a statutory right. Many of the judgments of justices of the peace in the city of Detroit are final, and many other instances might be cited in which appeals are not allowed. Nevertheless judgments are in such proceedings bar to other actions. Furthermore, the determination of this court on the hearing of the former case was in terms final as to all the issues presented.

The judgment is affirmed.