HARDY *v.* STOPPEL.

1. DAMAGES—SALES—BREACH OF WARRANTY.

In an action for breach of warranty for selling plaintiff a horse which was blind, it was a correct rule to charge the jury that the damages would equal the difference between the actual value at the time of the sale and the value of the horse, if it had been as it was warranted.

2. SALES—WARRANTY.

A request to charge that the plaintiff must show that he relied upon the warranty is sufficiently covered by a charge that the jury must find that the warranty was made and relied on, and that there must be a warranty and a reliance on it to justify a recovery.

3. SAME—PATENT DEFECTS—WARRANTY.

To charge the jury that plaintiff could not recover for breach of warranty of soundness if the defect was patent, and that if it was such as to require the exercise of more than ordinary care to discover it, plaintiff might rely on the warranty, sufficiently covered a requested instruction that if plaintiff could have discovered the defective eyesight by a reasonable examination he was estopped to claim damages therefor.

Error to Ingham; Collingwood, J. Submitted June 23, 1910. (Docket No. 133.) Decided September 27, 1910.

Assumpsit by James Hardy against Theodore H. Stoppel and Fred Szepanak, copartners as the South Lansing Coal Company, for breach of warranty on the sale of a horse. A judgment for plaintiff is reviewed by defendants on writ of error. Affirmed.

*John J. Zimmer,* for appellants.

*Jason E. Nichols,* for appellee.

BIRD, C. J. Plaintiff purchased a horse of the defendants under a claimed warranty that it was sound. Soon after taking the horse into his possession, plaintiff discovered that the horse was blind in one eye, and that the sight of the other was impaired. The horse was affected with amaurosis of the eyes, a disease which affects the optic nerve, and one which is not easily discoverable by the ordinary observer. Plaintiff brought suit on his warranty. The defendants admitted that the horse was blind in one eye, but denied the warranty. The plaintiff recovered a judgment and the defendants assign error.

Upon the question of damages, the court charged the jury, in substance, that, if they found that plaintiff was entitled to recover, they should award him the difference between the value of the horse at the time of the sale, if the horse had been as warranted, and its actual value at that time. Defendants' counsel takes exception to this

instruction, and insists that this was not the proper rule to be applied in this case. We think the court stated the rule correctly, and is in accord with the rule laid down in *Barker* v. *Cleveland*, 19 Mich. 230, and *Jackson Sleigh Co.* v. *Holmes*, 129 Mich. 370 ( 88 N. W. 895).

Defendants' counsel requested the court to charge " that the plaintiff must show by a preponderance of the evidence that he relied upon the warranty," and assigns error upon the failure of the court to so instruct the jury. At one place in his charge, the court instructs the jury that:

"You have heard all the evidence in the case, and you are to decide whether, under all the circumstances in the case, Mr. Szepanak warranted that horse to be sound, and you must further, from the evidence in the case, decide whether Mr. Hardy relied on that statement."

Later in the charge, he instructed them "that there must be a warranty, and a reliance on that warranty, before you can find for the plaintiff." We think this fairly covered the request of defendants, and gave the jury to understand that, before they could find for the plaintiff, they must not only find a warranty, but that the plaintiff relied on the warranty.

Defendants' counsel also complains because of the refusal of the court to give the following request:

" If the plaintiff could have discovered, by a reasonable examination, the defective eyesight of the horse, then he is estopped from claiming damages for such defective eyesight."

The court did not give this in the language of the request, but instructed the jury upon this question as follows:

" In regard to the question of warranty, you must take into consideration a latent defect and a patent defect. If the horse had been warranted sound, and had in reality lost an ear, it would be such a defect as any one could see, and he could not claim for such a defect as that. But, if the defect was such that it was necessary to use more than

ordinary care in examining it, that could be taken into consideration."

While the court might have made this part of the charge more clear and explicit, what he did say to them on this subject was, in substance, what was requested by counsel. In view of this, we do not think it can be said that the court refused to give the request.

The other errors assigned have been examined and considered, but we are not of the opinion that they demand a reversal of the case.

The judgment of the trial court is affirmed.

OSTRANDER, HOOKER, BLAIR, and STONE, JJ., concurred.