LA VASSER *v.* CHESBROUGH LUMBER CO.

1. CERTIORARI—APPEAL AND ERROR—PLEA IN ABATEMENT—REVIEW.
    While certiorari is the remedy by which to review the
    overruling of a plea in abatement, the court, on appeal,
    may pass upon the merits of the case, notwithstanding
    the impropriety or irregularity of a review by writ of
    error.

2. JUDGMENT—ABATEMENT OF ACTION—BREACH OF CONTRACT.
    A judgment in a suit brought by the plaintiff for failure
    of defendant to make advancements under the provisions
    of a lumbering contract, thereby compelling plaintiff to
    abandon performance of the same, was a complete' bar
    to a subsequent action, counting upon the same contract,
    for damages sustained by reason of its breach in the form
    of lost profits.

3. SAME—REMEDIES—ELECTION.
    Under a contract for the carrying out of a timbering ar-
    rangement, the contractor may bring suit for the breach,
    or, in his option, ignore the contract, and sue for labor
    or services which he may have expended in its perform-
    ance; but the cause of action is not divisible, and a judg-
    ment for such labor barred any further action.

4. RES JUDICATA—JUDGMENT—CONCLUSIVENESS.
    A prior judgment bars a subsequent action upon the same
    facts as to all matters which might have been tried under
    the issues made.  Plaintiff, having recovered on the *quan-
    tum meruit* for advances which had been made and labor
    performed under a contract, was not entitled afterwards
    to recover profits which he might have lost by reason of
    its breach.

Error to Chippewa; Fead, J.  Submitted January
14, 1916.  (Docket No. 111.)  Decided March 30, 1916.

Assumpsit by Philip La Vasser against the Ches-
brough Lumber Company, a corporation, for breach
of a lumber contract.  Defendant filed a plea in abate-

ment, which was overruled. Defendant brings error. Reversed.

*John W. Shine,* for appellant.

*F. T. McDonald,* for appellee.

On March 27, 1912, plaintiff entered into a written contract with the defendant by the terms of which he undertook and agreed with said defendant to cut all of the pine and hemlock timber standing and lying on the lands described in said contract, and to deliver the same into the Tahquamenaw river, Chippewa county, Mich., which timber was estimated to be about 5,000,000 feet. The tract to be lumbered was a large one extending back from the Tahquamenaw river a distance of 3 or 4 miles. Under the terms of the contract plaintiff was to receive $7 per thousand feet for all timber cut and delivered into the river, and it was agreed that approximately 2,500,000 feet should be so delivered during the summer of 1912. Operating under the contract, plaintiff, during the summer of 1912, cut and delivered into the river approximately 1,500,-000 feet of logs, and banked on the banks of the river something over 800,000 feet. On February 2, 1913, plaintiff quit work under said contract and abandoned it, claiming that defendant had breached the contract in that it had failed to make payments to the plaintiff in accordance with the terms thereof, which breach on the part of the defendant rendered it impossible for the plaintiff to continue his operations under the contract because of lack of funds. On March 1, 1913, plaintiff filed a proper statement of lien under the so-called log lien law, 3 Comp. Laws, § 10756 *et seq.* (3 Comp. Laws 1915, § 14843). This action on the part of the plaintiff was followed by the filing of a declaration in assumpsit on June 24, 1913. By his declaration

in this case plaintiff sought to recover for the value
of his work and labor performed under the contract,
and by an amendment to the declaration the contract
was made a part thereof. The defendant filed a plea,
and gave notice therein that it would show that plain-
tiff had abandoned his contract without just cause,
and that it (defendant) had sustained certain specified
damages by reason thereof. The issue so framed came
on to be tried before a jury. In that case the court
charged:

"However, if you find that the plaintiff was endeav-
oring to fulfill the contract according to its terms,
that he had banked sufficient timber so that he had
some money due him from the defendant on the con-
tract, that he demanded such money from the defend-
ant, notifying the defendant that he could not proceed
with the work without such money, and that defendant
gave him a draft or check in payment thereof, which
draft was not paid, and that, by reason of its non-
payment, and by reason of the fact that the defendant
did not pay the plaintiff at that time, under those
circumstances the plaintiff found it impossible to pro-
ceed with the work, he cannot be held to have aban-
doned his contract, and would be entitled to collect for
work he had done there a fair and reasonable value
of the services. * * * Now, if the defendant ren-
dered it impossible for plaintiff to perform his contract
under such conditions as I have stated, then the plain-
tiff is entitled to recover a fair value of the work he
performed, and the defendant is not entitled to recoup
its damages, if it has any.

"Something has been said about the contract price
being the measure of plaintiff's damages. I charge
you that the contract price does not govern the matter,
the rule being that the plaintiff would be entitled to
recover what the testimony shows is a fair, just, and
reasonable value of the work which he performed.
That you will determine from the evidence, and you
must confine it within the prices stated in the evidence.
* * * On the other hand, if he was prevented from
performing the contract by the acts of defendant, as
stated before, then he would be entitled to the fair and
reasonable value of his services performed. * * *

"In this case it is incumbent upon the plaintiff to prove the amount of logs which he got out, and to prove the reasonable value of the services in getting them out by a preponderance of the evidence."

Under this charge the plaintiff had verdict in the sum of $4,642.98, which judgment has been paid in full.

On December 18, 1914, and after the suit outlined above had proceeded to judgment, plaintiff filed another declaration counting upon the same contract involved in the first case and averring its breach. The first count of said declaration is based on loss of profits which plaintiff would have derived from the completion of the contract. The second count is based upon loss of profits covering the value of certain steel rails and cars used in part performance, and intended for use in completing the contract. The third count is based upon loss of profits for lumbering certain lands mentioned in the contract under the claim that the defendant did not own the timber thereon, and for the expense of moving camp by reason thereof.

To this declaration, which is the one under consideration in the suit at bar, defendant filed a plea in abatement, setting out the proceedings in the earlier suit, and claiming that the judgment in the earlier suit constitutes a bar to the prosecution of the second action. Issue was joined upon the plea in abatement, and defendant offered in evidence the files and records in the earlier action and rested, whereupon an order was entered overruling defendant's plea in abatement and granting to it the usual time to plead. In this court, defendant reviews said determination by writ of error.

BROOKE, J. (*after stating the facts*). On behalf of the plaintiff it is contended primarily that defendant has mistaken its remedy, and that review should have

been sought by certiorari instead of by writ of error. Under the late decision of *City of Sault Ste. Marie* v. *Railway Co.*, 184 Mich. 681 (151 N. W. 649), it appears that certiorari is the proper method of reviewing an order overruling a plea in abatement. That case, however, which was a review of a similar order overruling a plea in abatement was there considered upon its merits, and inasmuch as the case at bar has been carefully briefed upon both sides, we will here, as we did there, pass upon the merits of the controversy.

In the case of *Hemminger* v. *Assurance Co.*, 95 Mich. 355 (54 N. W. 949), it is said:

"The general rule is well settled that a party to a contract where labor is to be performed, upon the breach of that contract by the other party, has two remedies open to him. He may sue upon the contract, and recover damages for its breach, or he may ignore the contract, and sue for services and labor expended, and expenses incurred, from which he has derived no benefit [citing cases]."

In *Jungnitsch* v. *Iron Co.*, 121 Mich. 460 (80 N. W. 245), it is said:

"The cause of action was not divisible, and the cause of action here set out was within the issue presented by the former case. The rule is settled that a prior judgment is a bar to all the matters that might have been tried under the issue made [citing cases]."

In *Andreas* v. *School District*, 138 Mich. 54 (100 N. W. 1021), this court said:

"The principle that an indivisble cause of action cannot be split up is well settled in this court [citing cases]."

There is no doubt that under the established law of this State a prior judgment is a bar to all matters that might have been tried under the issue made. *Detroit, etc., R. Co.* v. *McCammon*, 108 Mich. 368 (66 N. W. 471), and cases there cited; *Carr* v. *Brick*, 113 Mich.

664 (71 N. W. 1103) ; *Kellogg* v. *Thompson's Estate,* 115 Mich. 618 (72 N. W. 893) ; *Jungnitsch* v. *Iron Co., supra; Burgess* v. *Stribling,* 134 Mich. 33 (95 N. W. 1001).

It cannot be doubted that the case at bar is planted upon the same contract which was counted upon in the earlier case, and it is clear that in the case at bar plaintiff seeks to recover damages for the same breach of that contract, proof of which breach was necessary to his recovery in the earlier case. Defendant having breached the contract, plaintiff then had a choice of remedies. He had the right to ignore the contract and recover on the *quantum meruit,* which he did, or to sue upon the contract, recovering damages for its breach. It will be readily seen that the two remedies are inconsistent. If he brought suit under the contract, his recovery for work and labor performed would be limited to the amount specified for such work and labor in the contract, whereas when by defendant's default he is prevented from performing and sues upon the *quantum meruit,* he may recover the value of such services, entirely irrespective of the limitations of the contract. Recovery under this measure of damages, under the charge of the court set forth in the statement of facts, the plaintiff has had, and a judgment based upon such recovery has been paid. Under the authorities cited, he is precluded from now bringing a second action where a different measure of damages would be applicable. It is no answer to this proposition to say that proceeding under the statute which gave to the plaintiff a lien for work and labor upon forest products, he was limited to a recovery upon the *quantum meruit.* He still had his election. In other words, he was not obliged to proceed under the statute, but might have sued upon the contract, recovering damages for the breach thereof.

The order overruling defendant's plea in abatement is reversed, and the case is remanded to the circuit court where an order will be entered sustaining said plea. Defendant will recover costs of both courts.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and PERSON, JJ., concurred.