SHANK *v.* CASTLE.

1. Trial—Motion to Quash—Appearance—Pleading.

A specially-appearing defendant, upon denial of his motion to quash service of process in a civil case, has 15 days' time within which to appear generally and plead (Court Rule No 18, § 4; No 27, §§ 3, 8 [1945]).

2. Same—Motion to Quash—Pleading—Waiver of Objections.

The court rule permitting a specially-appearing defendant to make an attack on the service of process does not require any possible attack on the pleadings to be included in such motion to quash, hence, the waiver of unstated objections to the pleadings is not effected (Court Rule No 18, § 4; No 27, § 6 [1945]).

3. Pleading—Declaration—Res Judicata—Motion to Dismiss.

The defense of *res judicata* may be raised by a motion to dismiss a declaration which incorporates the former adjudication (Court Rule No 18, § 1[e] [1945]).

4. Judgment—Res Judicata.

A court of competent jurisdiction requires parties to bring forward their whole case and normally will not permit the same parties to open the same subject of litigation in respect of matter which might have been, but was not, brought forward as part of the subject in contest, only because from negligence, inadvertence or even accident it was omitted.

5. Same—Res Judicata—Custody of Child—Damages.

Plea of *res judicata* was applicable, where plaintiff. in action against her parents for damages for breach of agreement relative to custody of her son had, in a previous suit by them

---

References for Points in Headnotes

[1] 41 Am Jur, Pleading § 321.
[2] 3 Am Jur, Appearances § 42.
[3] 30A Am Jur, Judgments § 448.
    Pleading waiver, estoppel, and res judicata.   120 ALR 8.
[4] 30A Am Jur, Judgments § 324.
[5] 30A Am Jur, Judgments § 367.

for the child's custody, filed a cross bill in which she could have sought an injunction against interference with her custody, which had been awarded to her in a divorce action, as well as damages for such interference, but did not seek such relief.

Appeal from Macomb; Spier (James E.), J. Submitted June 2, 1959. (Docket No. 12, Calendar No. 47,966.) Decided October 12, 1959.

Case by Phyllis Shank against John H. Castle and Phyllis L. Castle for damages resulting from withholding custody of child including expense of litigation arising therefrom. Cause dismissed on motion. Plaintiff appeals. Affirmed.

*J. Lynn Fewlass,* for plaintiff.

*Bailey & Robbins,* for defendants.

DETHMERS, C. J. Plaintiff's declaration alleges, in substance, the following: that plaintiff is the daughter of defendants; that by decree of divorce from her first husband she was awarded custody of her son; that from the time of his birth until her remarriage 4 years later she and her son lived with defendants; that at the time of her remarriage the parties agreed that the son was to live with defendants during the week and spend weekends with plaintiff until she could establish a home; that about a year and a half later the parties hereto agreed that the son should live with plaintiff, except for intermittent visits with defendants; that in breach and violation of the latter agreement defendants took and kept the son for a period of 20 days and brought a chancery action seeking his custody on the grounds that plaintiff had abandoned him and was not a proper person to have his custody; that in that chancery action a consent decree entered providing, in substance, the same as the last previous

agreement of the parties, that plaintiff was to have custody of the son but the defendants, during the next 2 years, were to have him weekends; that defendants' said breach of the last mentioned agreement, prior to the entry of said decree, by keeping the child for the 20-day period and bringing said chancery action, caused plaintiff mental anguish, pain, suffering, illness, medical expenses and expenses in defending said chancery action, for which she seeks damages as for breach of said agreement.

The trial court granted defendants' motion to dismiss on the ground that the chancery action rendered the issues herein *res judicata.* Plaintiff appeals.

Plaintiff says that a copy of her declaration was received by defendants' attorneys by mail, not later than March 1, 1958, although they had not then entered an appearance. On March 4th they entered a special appearance and filed a motion to quash the service of process because made on Washington's birthday. No other grounds for dismissal were asserted. On March 10th the court denied the motion and extended for 15 days thereafter the time within which defendants might plead. On March 24th defendants filed the motion to dismiss on the ground, *inter alia,* of *res judicata,* attaching the bill of complaint, answer, cross bill and decree in the mentioned chancery action between these parties. This is the motion which, as above stated, the court granted, prompting this appeal.

Michigan Court Rule No 27, § 6 (1945), reads:

"A motion attacking a pleading or any part thereof must be filed and served within 15 days after the receipt of the pleading attacked. Such motion shall include all objections to the pleading attacked and to the proceedings up to that date in the case. And all objections to pleadings or proceedings not stated in the motion shall be deemed waived."

Plaintiff contends that under the above-quoted rule defendants waived their rights to object to the declaration and to urge *res judicata* because they failed to do so within 15 days after receipt of a copy of the declaration and because they failed to include such objections and claim in their motion to quash. Rule No 18, § 4 (1945), provides for filing, within the time for appearing, of a motion to quash the service of process and that every denial thereof "shall be without prejudice, whereupon the defendant shall have the right to appear generally and plead." This contemplates that after denial of the motion to quash defendant shall have time within which to appear generally and plead. This is precisely what the order of the court below provided, as also authorized under Rule No 27, § 8. Section 3 of that rule provides that in case a special motion is made the 15-day period for answering commences with final determination of such motion. In *Reaume & Silloway, Inc.,* v. *Tetzlaff,* 315 Mich 95, this Court, in affirming the trial court's order denying a motion to quash service of process, provided in its opinion, "Defendants shall have 15 days after this opinion is filed within which to plead to or answer plaintiff's declaration." From all this it is clear that there is no foundation to plaintiff's claim that defendants' motion to dismiss came too late.

As for plaintiff's contention that defendants waived their right to make the second motion on the grounds therein urged by failing to include the same in their first motion, it is to be observed that Rule No 27, § 6, relied on by plaintiff in that connection, requires that "A motion attacking a pleading * * * shall include all objections to the pleading attacked," failure to do so working a waiver of those not included. Defendants' first motion was not an attack on a pleading, but, after special appearance, an attack on the service of process. The

rule does not require any possible attack on the pleadings to be included in such motion to quash and, hence, the waiver provision of section 6 has no application here.

Rule No 18, § 1(e), provides that within the time for pleading defendant may file a motion to dismiss on the ground that the cause of action is barred by a prior judgment, if that fact appears on the face of the declaration. When, as here, the declaration by reference incorporates the former adjudication, *res judicata* may be raised by motion to dismiss. *Bocinski* v. *Krzeminski*, 253 Mich 48; *Corkins* v. *Ritter*, 326 Mich 563.

The allegations of the bill of complaint and those of the cross bill which plaintiff herein filed in the chancery action between these parties, relate entirely to the rights of the parties to custody of the son. The subject matter is the same as that of the plaintiff's declaration. While the cross bill did not pray for the damages here sought, it did allege the same anguish and suffering resulting from defendants' breach of the claimed agreement urged in plaintiff's declaration here. The alleged facts out of which plaintiff here claims her damages to have arisen are all contained and involved in the pleadings and decree in the chancery action which was between the same parties as those in the instant case. Inasmuch as the damages here sought spring from the facts and subject matter set forth in the chancery pleadings, the claim for those damages, if valid, could and properly should have been pressed by plaintiff in that action.

"Whether *res judicata* is applicable to the case at bar depends upon: * * *

"(2) Whether it is necessary in this State that the point in controversy shall have actually been litigated in the prior suit or if it is sufficient that the party had an opportunity to present the claim

or defense? This question was answered in *Harrington* v. *Huff & Mitchell Co.,* 155 Mich 139, 141, by quoting from *Henderson* v. *Henderson,* 3 Hare 100, 114, 115 (67 Eng Rep 313), where the vice-chancellor said:

" 'In trying this question, I believe I state the rule of the court correctly, when I say, that where a given matter becomes the subject of litigation in, and of adjudication by, a court of competent jurisdiction, the court requires the parties to bring forward their whole case, and will not (except under special circumstances) permit the same parties to open the same subject of litigation in respect of matter which might have been brought forward as part of the subject in contest, but which was not brought forward, only because they have, from negligence, inadvertence, or even accident, omitted part of their case. The plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.'

"See, also, *Jungnitsch* v. *Michigan Malleable Iron Co.,* 121 Mich 460; *Andreas* v. *School District No. 4, Township of Leavitt,* 138 Mich 54, and *La Vasser* v. *Chesbrough Lumber Co.,* 190 Mich 403." *McDannel* v. *Black,* 270 Mich 305, 310, 311.

Plaintiff says that the decree in the chancery action is a nullity and cannot stand as a bar to this action because the court which granted plaintiff her decree of divorce and awarded her custody of the son retained continuing jurisdiction over the matter of that custody to the exclusion of the exercise of any jurisdiction thereover by another court in the chancery action between these parties. The court in the latter action did have jurisdiction to grant the prayer of plaintiff's cross bill that defendants be enjoined from interfering with her custody of the

child and that they be required to surrender him to her. It would have had jurisdiction to entertain, had it been presented in that action, the claim for damages here asserted arising out of defendants' interference with her custody of the son. The jurisdiction of that court plaintiff invoked by her cross bill. She cannot now disavow it for the purposes of this suit.

The court was correct in holding *res judicata* applicable here.

Affirmed, with costs to defendants.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.